## AARON H. ALLEN *vs.* CITY OF CHARLESTOWN.

On a hearing to assess damages under the Gen. Sts. *c.* 43, for land taken to lay out a street, it is erroneous to instruct the jury that, if all the other estates abutting on the street are benefited in a similar manner, the amount of his benefit cannot be deducted from the damages of any abutter.

On a petition against a city to assess damages for land taken to widen a street, it appeared from the city records that an order was passed that a committee should estimate "the damages and betterments" arising from the laying out of the street; and that damages were ordered paid to persons whose names were in a schedule made out on a printed form, purporting to be in pursuance of the St. of 1866, *c.* 174, § 2; but that damages were not estimated in accordance with the provisions of that statute, although the schedule contained an item stating the value of an estate which the owner had surrendered to the city. And it did not appear that there was any adjudication to proceed under the statute, or that there was any separate assessment of benefits. The superior court found that the assessment was made under the Gen. Sts. *c.* 43, and not under the St. of 1866, *c.* 174. *Held,* that the records did not show that the finding was incorrect.

PETITION for a jury to assess damages for the taking of land by the respondents to lay out Canal Street in Charlestown.

At the trial, before a sheriff's jury, it appeared from the records of the respondents, that on October 26, 1868, the board of aldermen of Charlestown ordered that portions of the land of the petitioner, of the land of Nathan E. Fitz, and of the land of certain other persons, should be taken for the purpose of laying out Canal Street, and " that the committee on laying out streets estimate the damages and betterments arising from the laying out of Canal Street as aforesaid ;" that on October 27 the common council concurred in this order ; that on November 9, 1868, a notice from Fitz, that he protested against his estate, which abutted on Canal Street, " being assessed for betterments on account of said laying out," and that he elected to surrender his estate to the city, was received by the said board and referred to the committee on laying out streets ; that on January 2, 1869, the said board, on report of this committee, passed an order that the persons named in an accompanying schedule, owning estates abutting on Canal Street, should " be paid the sums set against their respective names as the adjudged damages sustained by them on account of said laying out of Canal Street ;" that the schedule was on a printed form headed " Damages. Schedule of awards made by

the board of aldermen in pursuance of the provisions of section 2,
chapter 174, of the acts and resolves of 1866, upon the estates
abutting on *Canal* Street, for damages sustained by reason of land
or buildings taken, buildings moved, cut off or otherwise injured,
also for refitting and repairing rendered necessary by the *laying
out* of said street as authorized by a resolve passed *October* 26,
1868," (the part in italics being written,) and contained columns
headed "Value of land taken," "Value of buildings before
widening," "Value of buildings remaining," "Damage to es-
tate," "Cost of refitting and repairing buildings," "Total dam-
age to buildings," "Value of materials cut off to be removed,"
"Net damage to buildings," "Damage to business of occupants
of buildings," "Total damages to estate occasioned by the widen
ing ; " but that the only columns under which there were any
entries were "Value of land taken," "Cost of refitting and re-
pairing buildings," "Total damage to buildings," and "Total
damages to estate occasioned by the widening ; " that the amount
in this last column against the name of the petitioner was $4300,
and against Fitz's name was $6000 ; that this last column footed
up $18,318.20 ; and that from this was deducted "Amount from
sale of Fitz's estate $3125," leaving "Net total cost to the city
$15,193.20."

The petitioner contended that the proceedings were had under
the Sts. of 1866, *c.* 174, and 1868, *c.* 75 ; and the respondents
contended that they were had under the Gen. Sts. *c.* 43.

The respondents requested the sheriff "to instruct the jury that
in estimating the damages by the laying out and construction of
the new street, and taking the petitioner's land therefor, there
should be allowed, by way of set-off, the benefit, if any, to his
property by reason thereof, meaning not that general benefit from
a new way received in common with other owners generally in
that neighborhood, but the direct, special, peculiar benefit to the
petitioner's remaining land by causing what had been back land
to become front land on a spacious, convenient avenue, and so
rendering it more accessible and available ; that this benefit
might be in law direct, special and peculiar, and this set-off
proper to be made, although every other estate on the new street,

similarly situated and circumstanced, was similarly benefited; and that, if the petitioner's estate had been benefited by reason of having a more convenient access to what was previously the rear part thereof, or of having the rear part made front land on a new spacious public avenue, these were benefits special and peculiar to the estate, within the meaning of the law, and to be allowed in set-off, even though many other estates similarly situated were similarly benefited."

The sheriff refused so to instruct the jury, and instructed them as follows : " The jury are to estimate the damages sustained by the petitioner, and must allow, by way of set-off, the benefit, if any, occasioned to him by the laying out of the street; and this benefit must be some direct, peculiar and special benefit derived by his estate from the laying out, and not the general benefit acquired by all the estates adjacent or bounding on the street. So far as his estate is appreciated in marketable value, in common with all the other estates in that locality, which are not encroached upon by the street, that increased value is not to be set off against or deducted from the damage which he may have suffered. In order to be deducted, it must be a benefit different in kind and not merely different in degree, and not a benefit common to the other estates on the same street. If his estate has been benefited by the laying out of the street, and if all or nearly all the other estates abutting on the street are benefited in a similar manner, then such benefit is not special or peculiar to the estate of the petitioner, and the amount of such benefit cannot be deducted by the jury from the damages sustained by him in his lands or buildings."

The jury returned a verdict that the damage to the petitioner was $5429, from which $600 should be deducted for benefit ; and the sheriff certified the verdict to the superior court, with the foregoing statement of his rulings. In the superior court the respondents moved to set aside the verdict, which motion was allowed, and the petitioner appealed.

*C. Robinson, Jr.*, for the petitioner. 1. The proceedings were under the St. of 1866, *c.* 174. The order for laying out the street provides that the committee on laying out streets should " esti-

mate the damages and betterments." The schedule is made in pursuance of the St. of 1866, c. 174. It shows that Fitz's surrender was accepted, and it is only under the St. of 1866, c. 174, that a surrender can be made. If the proceedings were under the St. of 1866, c. 174, the instructions were correct. *Harvard College* v. *Aldermen of Boston*, 104 Mass. 470, 490.

2. If the proceedings were not under the St. of 1866, c. 174, yet the instructions were correct. *Farwell* v. *Cambridge*, 11 Gray, 413. *Whitney* v. *Boston*, 98 Mass. 312.

*W. S. Stearns*, for the respondents.

WELLS, J. The verdict in this case was set aside, upon the objection of the respondent, that the jury were not allowed to make proper deductions, from the damages, on account of benefits to the property of the petitioner by reason of the location of the new way.

It appears by the report of the case, that the jury were instructed that " if all or nearly all the other estates abutting on the street are benefited in a similar manner, then such benefit is not special or peculiar to the estate of the petitioner, and the amount of such benefit cannot be deducted by the jury from the damages sustained by him in his lands or buildings."

If these proceedings were taken under the General Statutes, and not under the betterment acts, so called, this instruction was clearly wrong. The benefit is not the less direct and special to the land of the petitioner, because other estates upon the same street are benefited in a similar manner. The kind of benefit, which is not allowed to be estimated for the purpose of such deduction, is that which comes from sharing in the common advantage and convenience of increased public facilities, and the general advance in value of real estate in the vicinity by reason thereof. *Meacham* v. *Fitchburg Railroad Co.* 4 Cush. 291. *Upton* v. *South Reading Branch Railroad Co.* 8 Cush. 600. *Dickenson* v. *Fitchburg*, 13 Gray, 546. The advantages of more convenient access to the particular lot of land in question, and of having a front upon a more desirable avenue, are direct benefits to that lot, giving it increased value in itself. It may be the same, in greater or less degree, with each and every lot of land

upon the same street. But such advantages are direct and special to each lot. They are in no proper sense common because there are several estates, or many even, that are similarly benefited. *Whitman* v. *Boston & Maine Railroad,* 3 Allen, 133, and 7 Allen, 313. This distinction between that which is direct and special, and that which is indirect and general, is well illustrated by the decisions upon analogous questions relating to injuries which may be either public wrongs or private torts. See especially *Wesson* v. *Washburn Iron Co.* 13 Allen, 95, 102.

That part of the instructions to the jury in *Farwell* v. *Cambridge,* 11 Gray, 413, which may be regarded as conflicting with these views, was not approved by the court as declaring the correct rule of law ; but the verdict was accepted because a correct rule had previously been given, and the court did not think that "the particular words and illustrations afterwards used by the sheriff" could have misled the jury. Without undertaking to revise the question of the propriety of the distinction thus made, when applied to the instructions as reported in that case, or of the inference that the jury could not have been misled by the erroneous illustrations, we are unwilling to follow it as an authority for the decision of other cases which may be supposed to be like that case. If a presiding officer, after stating the general rule, proceeds to illustrate it in a manner which appears to be applicable to the precise case under trial, we do not think the jury can be expected to disregard such illustrations, as having no bearing upon it, or as not proper to guide their deliberations.

In this case, however, the whole tenor of the instructions excludes all benefit of a kind such as was acquired by all the estates adjacent, or bounding on said street.

Whether these proceedings were taken under the general provisions of law for laying out streets, or under the " betterment acts," does not appear decisively from the records of the city, copies of which are produced. There is no adjudication to proceed under the special authority, as provided in the St. of 1866, *c.* 174, § 1. There is no separate estimate of benefits made for the purposes of an assessment of the expenses. A printed tabular form for a schedule of awards of damages, which purports to

be in pursuance of provisions of the St. of 1866, *c.* 174, § 2, is used for the return of damages ; but the return shows that damages were not estimated in accordance with the provisions of that statute, in any respect ; and the estimate of " betterments," referred to in those proceedings, was made only by way of set-off to the claims for land damages. On the whole, we think it does not appear from the record that the proceedings were under the St. of 1866, *c.* 174.

It was a question of fact, then, in the court below, as, from the report, it appears to have been before the jury also. The decision of that fact in the superior court is final. Only the question of law is brought up by the appeal. In determining the question of law, we presume that all disputed questions of fact, involved in the case, were decided in the court below in a manner most favorable to the support of the decision there made.

Assuming, as we think we must assume, that the proceedings were under the general provisions of law, the verdict was properly set aside. We need not consider, therefore, whether, if they were under the St. of 1866, *c.* 174, the petitioner might retain his verdict, waiving objections on account of the deduction made by the jury.

> *Judgment of the superior court, setting aside the verdict, affirmed.*