ELISHA P. PARKS & others *vs.* COUNTY OF HAMPDEN.

Hampden. Jan. 7. — June 27, 1876. AMES & DEVENS, JJ., absent.

Benefits of a general character, caused by the widening of a street, which are common to all the owners of land on the same street, or in the same vicinity, cannot be set off against a claim for damages for taking a part of the land of one owner for such widening, under the Gen. Sts. *c.* 43, § 16.

PETITION to the county commissioners for a jury to assess damages for the taking of land by the respondent to widen North Elm Street in Westfield.

At the trial, before a sheriff's jury, the respondent, by way of set-off to the petitioners' claim for damages, offered to prove that the remaining land and premises of the petitioners had been benefited by the widening of the street, by giving a broader and handsomer avenue in front of them; and by making them more convenient. The respondent's counsel also asked certain witnesses, whose adequate knowledge was not questioned, " What in their judgment was the damage to the several petitioners, after setting off any benefits occasioned by widening of the street." The respondent admitting that it did not expect to show any benefits, except such as accrued to them in common with other abutters resident on the same street, the presiding officer ruled that the respondent could not put in evidence of benefits of a general character common to all the lands upon the street, but that it might introduce any evidence of direct or special benefits peculiar to the lands in question, and, after instructing the jury that benefits could be set off against damages as provided by statute, instructed them as follows : " No benefit to the petitioners is to be set off against damages, except such benefit to an estate of the petitioners as is not a general benefit acquired by the estates generally on the street widened ; the benefit arising from said widening or otherwise, must be some direct benefit to the estate of the petitioners, over and above the general benefit to the estates located on said streets; otherwise, no set-off can be made against damages." The jury returned a verdict for the petitioners.

In the Superior Court the verdict was accepted ; and the respondent appealed to this court.

*G. M. Stearns & H. Fuller*, for the petitioners.

*E. B. Gillett & H. B. Stevens*, for the respondent.

ENDICOTT, J. The respondent offered to prove that the estates of the petitioners had been benefited by the widening ; but admitted that it did not expect to show any benefits except such as accrued to them in common with other abutters on the same street. The sheriff ruled that the respondent might introduce evidence of direct and special benefits peculiar to the lands in question, but could not put in evidence of benefits of a general character common to all the lands upon the street. This ruling was correct. Direct and special benefits may be set

off ; but benefits common to all owners in the same street or vicinity, and affecting their estates equally, cannot be set off. Such benefits come from sharing in the common advantage and convenience of the increased public facilities, and the general advance in value of real estate in the vicinity by reason of the laying out, and are not peculiar to any particular estate. *Allen* v. *Charlestown*, 109 Mass. 243. *Hilbourne* v. *Suffolk, ante,* 393. The ruling of the sheriff precisely covered the offer as made by the respondent. The instruction to the jury was co-extensive with the ruling, and there is nothing in the report to show that the circumstances of the case were such as to render any further explanation necessary.     *Verdict accepted.*