## LUCY CROSS vs. COUNTY OF PLYMOUTH.

Plymouth. Oct. 15. — Nov. 23, 1878. AMES, ENDICOTT & SOULE, JJ., absent.

Upon a trial to assess damages for land taken to widen a street, the jury were instructed that "the benefit to be deducted must be a benefit which is direct and special to the estate of the petitioner, and not a general benefit shared by his estate in common with other estates in the vicinity, and in common with other estates abutting upon the same street, no part of which has been taken for the widening, and this benefit may be direct and special, although other estates upon the same street, similarly situated, were similarly benefited." *Held,* that this instruction was not erroneous.

Upon a trial to assess damages for land taken to widen a street, it is within the discretion of the presiding officer, who has given general instructions upon the subject, to refuse to give a special instruction to the jury upon a particular item of alleged benefit to the petitioner's estate.

PETITION to the county commissioners for a jury to assess damages occasioned by the taking of a strip of the petitioner's land, eight feet and a half in depth, for the widening of Main Street in Brockton.

At the trial before a sheriff's jury, there was evidence that the petitioner's land, which was situated in the business part of the town, was, before the widening, two hundred and forty-one feet deep, and was, to the depth of eighty or one hundred feet from the street, worth from two to three dollars a foot, while the rear portion was of much less value.

The respondent requested certain instructions to be given to the jury, which were not given in terms ; but other instructions were given. The jury returned a verdict for the petitioner. In the Superior Court, the verdict was accepted ; and the respondent appealed to this court. The requests for instructions and those given appear in the opinion.

*J. White,* for the respondent.

*J. G. Abbott,* for the petitioner.

MORTON, J. The respondent makes two objections to the rulings of the officer who presided at the trial before the sheriff's jury. The first is to the ruling as to the benefits to the petitioner's estate, which should be deducted, in determining the amount of her damages.

The respondent requested that the following instruction be given to the jury: "1. In estimating the damages arising from the widening, and the taking of the petitioner's land therefor, the jury should allow, by way of set-off, the benefit, if any, to her property by reason thereof, meaning not that general benefit from the widening received by her in common with other owners generally in that neighborhood, but the direct, especial, peculiar benefit to the petitioner's remaining land, by causing it to front on a more spacious and convenient avenue; and this benefit may be direct and special, and the set-off proper to be made, although many other estates on the same street, and similarly situated, were similarly benefited." The presiding officer did not adopt the language of this request, but ruled that "the benefit to be deducted must be a benefit which is direct and special to the estate of the petitioner, and not a general benefit shared by her estate in common with other estates in the vicinity, and in common with other estates abutting upon the same street, no part of which has been taken for the widening, and this benefit may be direct and special, although other estates upon the same street similarly situated were similarly benefited." The respondent contends that this is a ruling to the effect that the jury should not set off any benefit shared by the petitioner's estate in common with other estates abutting upon the same street, no part of which had been taken for the widening. But such is not its fair construction. The instruction, in the clause objected to, was dealing with the "general" benefits, which are not the subject of set-off. It is true, as therein stated, that general benefits, shared by the petitioner's estate in common with other estates in the vicinity, and also in common with other estates on the same street, no part of which has been taken for the widening, cannot be set off. If they are general benefits, they are not to be set off, although they are shared in common with other estates upon the same street. If they are peculiar and special benefits, they may be set off, though similar benefits accrue to other estates on the same street. *Hilbourne* v. *Suffolk*, 120 Mass. 393. *Parks* v. *Hampden*, 120 Mass. 395. That this was the meaning of the instruction is made plain by its last clause, in which it is expressly stated that the "benefit may be direct and special, although other estates upon the same street, similarly situated, were similarly benefited."

The instruction, therefore, was substantially in accordance with the first instruction requested by the respondent, and affords no ground of complaint. If, as is now contended, there was any danger that the jury might misconstrue it, the attention of the presiding officer should have been called to it at the trial, when any proper explanations could have been given. We must assume that the jury understood it according to its proper construction.

The second objection of the respondent is to the refusal of the presiding officer to give the fourth instruction requested. This request was as follows: "If, by the taking of a portion of the front part of the petitioner's land for the purpose of widening the street, a like portion of the rear part of the same is made available for use, and is enhanced in value for such use, or for sale at a higher price, such enhanced value is to be set off against any damage to which the petitioner would be entitled for the taking." The presiding officer did not give this instruction in these words; but instructed the jury that it was their duty to apply the rules of law, as given them, to all the facts before them; and, without specifying to the jury the particular benefits claimed by the respondent, directed them that, if they found that any benefits had accrued to the petitioner's land, they should deduct the amount from the damages. The respondent could not, as matter of right, require the presiding officer to select one particular item of benefit which it was contended had accrued to the petitioner's estate, and to give special instructions in regard to it. Such a course might tend to give undue prominence to this claim of the respondent. We are of opinion that it was within the discretion of the presiding officer to refuse this request, and therefore that his refusal furnishes no ground for setting aside the verdict. *Verdict accepted.*