WILLIAM V. CLARK *vs.* INHABITANTS OF WALTHAM.

Middlesex.   Jan. 13. — June 25, 1880.   COLT & LORD, JJ., absent.

A town is not liable for an injury occasioned to a traveller by a defect in a public common, which has been conveyed to the town upon the condition that it should "forever after be kept open as and for a common for the use of the inhabitants of the town," and across which the town has constructed footpaths; and the fact that a portion of the land originally conveyed to the town is occupied by a building used in part for the pecuniary benefit of the town, but which portion is by the conveyance excepted from the condition, and is separated from the common by a fence, does not operate to make the town liable, the accident having happened in a part of the common remote from the building.

TORT for personal injuries received by the plaintiff while travelling on a public common, with footways, in the defendant town, which it was alleged the defendant had negligently suffered to be out of repair and unsafe. Trial in the Superior Court, without a jury, before *Pitman*, J., who reported the case for the determination of this court, in substance as follows:

The defendant derived title to the common, including also the land on which Rumford Hall stands, by two deeds from the Boston Manufacturing Company. The first deed, dated June 19, 1854, is an ordinary deed, with no conditions, and covers the entire premises, except a certain part described and specially excepted therein. The second deed, dated August 1, 1859, covers the excepted portion, and contains the following clause: "And this conveyance is made upon the following condition, to wit: that no building shall ever be erected on the lot of land above described or the land adjoining the same, owned by said inhabitants and conveyed to them by deed of said Manufacturing Company, dated June 19, 1854, and that both of said lots of land shall forever after be kept open as and for a common for the use of said inhabitants of the town of Waltham. But this condition shall not attach or be held to apply to so much of the northeast corner of the land conveyed by said deed dated June 19, 1854, as is now used for and in connection with Rumford Building so called, and the small shop in the rear of the same, being bounded on the west and south sides by the fences and the lines of the small shop as they now stand." Rumford Hall is a building owned by the defendant, and the first story is occupied in part by the post-office and by stores, for which the defendant receives rent; the hall above is used for municipal purposes, and occasionally rented for other purposes, as is usual with town-halls.

On August 13, 1877, the plaintiff, a boy nine years of age, in returning after dark from the post-office, to which he had helped carry a mail-bag from the depot, went, for a short distance, up Main Street, which bounds the common on the north, looking into the shop windows, and from thence proceeded to return home across the common, following one of the footpaths made by the defendant through the same. As he was passing thereupon, and just before leaving the same and entering upon the line of Elm Street, one of the public streets of the town, which bounds the common on the east, and being barefoot at the time, he stepped upon a rough iron stub of a post, which lacerated his foot and caused the injury complained of. This iron stub was the remnant of an iron post or rod fastened into a stone sleeper, which originally, with other posts, protected an

opening in a continuous fence around said common from all but foot-passengers, and was at the entrance upon the common, but slightly outside of the limits of the street. The post had been broken off a long time before the accident.

The plaintiffs requested the judge to rule as follows : " 1. The building being so rented and standing upon the parcel of land so held by the defendant as a common, from and to which a convenient foot-passageway is made and kept in repair to all parts of the common by the defendant, the town is liable. 2. Although the iron rod upon which the injury occurred was at the outside of Elm Street it was contiguous to the street, and the defendant was bound to keep the same in repair, and if, by reason of the same being out of repair, the plaintiff passing into or upon the street was hurt thereon, using due care, the defendant would be liable." The judge, being of opinion that upon the foregoing facts the defendant was not in law liable, declined so to rule, and ordered judgment for the defendant. If this view of the law was erroneous, the case was to stand for trial; otherwise, judgment to be entered for the defendant.

*D. B. Gove,* for the plaintiff.

*C. A. Welch,* for the defendant.

MORTON, J. The plaintiff was injured while travelling upon a public park having footpaths across it, which, it is alleged, the defendant had negligently suffered to be out of repair and unsafe. The park was conveyed to the town upon the condition that it should " forever after be kept open as and for a common for the use of said inhabitants of the town of Waltham." By accepting the deeds of conveyance, the town agreed to the condition, and therefore holds the park for the use of the public. It had constructed footpaths and walks over the park in various directions, but these paths were not a part of the system of highways. They were not laid out as public ways, and the town is not liable under the statutes respecting highways or town-ways for any defect or want of repair which may exist in them. *Oliver* v. *Worcester,* 102 Mass. 489. *Gould* v. *Boston,* 120 Mass. 300. Nor can the town be held liable upon the ground that it negligently suffered a dangerous place to exist in the park, and failed to give proper notice to persons using the park by its invitation or license. It holds the park, not for its own profit or emolu-

ment, but for the direct and immediate use of the public. If it can be said that there is any duty in the town to construct paths over it, or to keep such paths in repair, it is a corporate duty, imposed upon it as the representative and agent of the public and for the public benefit. For a breach of such a duty, a private action cannot be maintained against a town or city, unless such action is given by statute. *Hill* v. *Boston*, 122 Mass. 344, and cases cited.

But the plaintiff contends that this case is not within this general rule, but falls within the second decision in *Oliver* v. *Worcester*, above cited. This claim is not sustained by the facts of the case. It is true that a small portion of the land originally conveyed to the town, its northeast corner, is occupied by the Rumford Hall used in part as a town-hall for municipal purposes and occupied in part by the post-office and by stores for which the town receives rent. But this portion is not a part of the common. It is by the deeds excepted from the condition that the land is to be kept open as a common, and it is in fact separated from the common by a fence. The accident to the plaintiff happened in a part of the common remote from Rumford Hall, and had no connection whatever with the building or the fact that it was in part used for emolument or profit. The town might be liable, as a private individual would, for negligence in the management or the repairs of Rumford Hall, but this cannot make it liable for a defect in the common, which is entirely distinct, and is held by a different tenure and for a different purpose.

We are, therefore, of opinion that the Superior Court correctly **ruled** that the defendant was not liable.

*Judgment for the defendant.*