BRIDGET VEALE *vs.* CITY OF BOSTON.

Suffolk.   March 16. — June 20, 1883.   DEVENS & W. ALLEN, JJ., absent.

In 1836, the city council of Boston voted "that it is expedient to erect an iron fence around the Common ; " and in the same year the city built a fence, setting it back from the line of Park Street, and thus throwing a part of the Common into the street.   The city also made a brick sidewalk, outside of the fence, upon the land which had formed part of the Common, and it was thereafter used by the public.   No record of this widening of the street was made.   *Held,* in an action against the city for personal injuries sustained in consequence of the defective condition of this sidewalk, that if there had been for more than twenty years a constant and uninterrupted use of the sidewalk by the public, under a claim of right to use it as a part of the public street and not as a part of the Common, this would establish it by prescription as a part of the street.

MORTON, C. J.   The plaintiff was injured, in November, 1880, by falling over a wooden step, alleged to be a defect in a public street which the defendant was bound to keep in repair. A plan annexed to the bill of exceptions shows that this step was adjacent to the gate in the fence of Boston Common, near the corner of Park Street and Tremont Street; and that it projected beyond the line of the fence into the sidewalk on Park Street.

The only question presented by the bill of exceptions is whether the Superior Court was justified in ruling that there was no sufficient evidence that the alleged defect was in a public way, and in directing a verdict for the defendant.   This depends upon the question whether the sidewalk on Park Street adjoining the Common is a part of the street which the city is bound to keep in repair.

It appeared at the trial that there is no record, either of the town or city of Boston, of the location or laying out of Park Street.   Like many other streets and ways in the city and State, its establishment can be proved only by prescription.

In the year 1819, the selectmen of Boston caused a plan of the streets to be made, which has since been kept among the records of the town and city.   By this plan, which is strong, if not conclusive, evidence of the location and limits of Park Street as it then existed, it clearly appears that the place of the accident was within the limits of the Common, and not in Park Street

But the plaintiff proved that, in 1836, the city council voted "that it is expedient to erect an iron fence around the Common;" and, in the same year, the city erected the fence now standing on Park Street. This threw a portion of the Common into Park Street and Tremont Street, thus widening them. At the same time the city built a brick sidewalk on Park Street, adjoining the Common, which has continued in use by the public to the present time. The jury might be justified, upon the evidence, in finding that to all appearances this sidewalk was as much a part of Park Street as the sidewalk on the opposite side; and that it had been constantly used by the public for more than forty years, not as a part of the Common, but as a part of Park Street, for the same purposes and in the same manner as the sidewalks in other streets are used. It is also to be observed that a part of the land taken from the Common and added to the street was outside of the sidewalk, and was graded and wrought for carriage travel, an appropriation inconsistent with its use in the manner in which the Common is used.

No record of this widening of the street was made by the city, but we are of opinion that the jury would be justified in finding that the sidewalk in question had become a part of Park Street by prescription.

Since the St. of 1846, c. 203, a way cannot be established by dedication, unless there has been a formal laying out, in the manner prescribed by statute. But this statute does not affect public ways by prescription. *Jennings* v. *Tisbury*, 5 Gray, 73. *Commonwealth* v. *Coupe*, 128 Mass. 63. *McKenna* v. *Boston*, 131 Mass. 143. Since that statute, as well as before, a way may be proved by long and continued use and enjoyment by the public, upon the ground that a conclusive presumption arises from such use that it has been established by competent authority. And the cases before cited decide that such a use, continued for twenty years, proves a way by prescription, so as to render a city or town in which it is situated liable to keep it in repair. This case is not taken out of the general rule by the fact that this sidewalk was formerly a part of the Common, and, while so, was subject to a similar use by the public to that to which it is now applied. The right to use a walk in the Common is different in its

character and legal incidents from the right to use a sidewalk as a part of a public street. If there has been for more than twenty years a constant and uninterrupted use of this sidewalk by the public, under a claim of right to use it as a part of the public street and not as a part of the Common, this establishes it by prescription as a part of the street, and makes the city liable for any defect in it. There was evidence tending to show this; and therefore, without considering the other questions raised, we are of opinion that the case should have been submitted to the jury. If they find that the place of the accident is within the public street, the city will be liable, if the plaintiff makes out his case in other respects. If they find that it is within the limits of the Common, it is clear that the city is not liable. *Clark* v. *Waltham*, 128 Mass. 567. *Steele* v. *Boston*, 128 Mass. 583.

*Exceptions sustained.*

*J. L. Eldridge*, for the plaintiff.
*E. B. Hagar*, for the defendant.