GEORGE C. ABBOTT *vs.* INHABITANTS OF COTTAGE CITY.

Dukes County.   Oct. 26, 1886. — Feb. 23, 1887.   DEVENS & W. ALLEN, JJ., absent.

On a petition for the assessment of damages sustained by reason of the laying out of a way by a town over the petitioner's land, the respondent offered to show that the premises in question were, from fifteen to nineteen years before 1886, dedicated, at common law, by the owner thereof to the public, as a public square or park ; that such dedication was then accepted by the public, but not under any statute or by vote of the town ; and that public use thereof for all purposes of a public park had continued since then to the present time.  *Held*, that the evidence was admissible.

If land is taken to widen a public street, under the Pub. Sts. *c.* 49, the benefit which may be set off, under § 16, against the damages sustained by a person whose land is taken in part, is not prevented from being special by the fact that the lands on the other side of the street, none of which are taken, are benefited in like manner.

PETITION, filed February 19, 1886, in the Superior Court, for a jury to assess the damages sustained by the petitioner by the

laying out of a way, called Ocean Avenue, over the land of the petitioner, in that part of the town of Cottage City called Oak Bluffs.

At the trial, before *Rockwell,* J., it appeared that a way had been laid out and accepted bordering upon one side of a tract of six acres which the petitioner claimed to own, taking therefrom a strip some thirty feet in width, and twelve hundred feet in length, along the entire extent of one side of the premises.

The respondent offered to show that the premises in question were from fifteen to nineteen years ago dedicated, at common law, by the owner thereof to the public, as and for a public square or park, named Ocean Park; and that such dedication was then accepted by the public, but not· under any statute or by vote of the town; and that public use thereof for all pur-·poses of a public park had continued since then down to the present time. The judge ruled that no such dedication was possible in Massachusetts, and excluded all evidence tending to prove the same.

The respondent put in expert testimony, subject to the petitioner's objection, tending to show that making the street broader by thirty feet, thus making it one hundred feet wide where, before, it was seventy, made the lots adjoining it more valuable than before for building purposes. The petitioner controverted this, and also contended that widening the street affected the lots on both sides of it in a similar manner. Lots in that vicinity are about thirty-five by sixty-five feet, and many such on the opposite side of Ocean Avenue are already built upon and occupied.

As to whether the widening of thirty feet affected the petitioner's remaining land favorably or not, the evidence was conflicting.

It appeared that the street was laid out or widened under the provisions of the Pub. Sts. *c.* 49, and not under the provisions of law authorizing the assessment of betterments.

At the conclusion of the evidence, the respondent asked the judge to instruct the jury upon the matter of damages as follows: " All the special benefits received by the petitioner's land in consequence of the laying out are to be deducted in estimating the damages, even though many other estates may have

received similar special benefits. For example, if all the lots on the opposite side of the street are specially benefited in a similar way by the laying out, the special benefit to the petitioner's land must still be deducted. The special benefits accruing to the petitioner's lot, if any, by the widening of the street, are no less special because all the other lots on the line of the laying out are similarly specially benefited."

The judge declined to instruct the jury in the form requested, and also declined to give certain instructions requested by the petitioner, and instructed the jury as follows: " If the laying out of the highway has left the petitioner's estate of more value in the market than it was before the laying out, and this benefit is one which is not common to the petitioner and others on and in the vicinity of said way, but is peculiar to the petitioner's estate, such benefit is to be set off against any damages sustained by the petitioner."

The jury returned a verdict for the petitioner in the sum of $2545 ; and the respondent alleged exceptions.

*T. M. Stetson & H. M. Knowlton,* for the respondent.

*L. W. Howes,* for the petitioner.

HOLMES, J. 1. The first exception before us is to the exclusion of evidence that, from fifteen to nineteen years ago, the premises were dedicated to the public as a public square, that the dedication was then accepted by the public, but not under any statute or by vote of the town, and that public use of the premises as a park had continued down to the present time. The court ruled that no such dedication was possible in Massachusetts.

We are of opinion that this ruling cannot be sustained. The principle of dedication, although of ambiguous origin, has been recognized in this State as in force here before the St. of 1846, c. 203, (Pub. Sts. c. 49, § 94,) and as still in force in cases not within the terms of that statute. *Tyler* v. *Sturdy,* 108 Mass. 196. *Hobbs* v. *Lowell,* 19 Pick. 405. Notwithstanding the able opinion in *Pearsall* v. *Post,* 20 Wend. 111, *S. C.* 22 Wend. 425, so far as that tends the other way, it is now generally admitted that open squares in towns are as much within the principle referred to as highways, and it has been held in numerous decisions that such squares may be dedicated to public uses.

*Commonwealth* v. *Fisk*, 8 Met. 238, 243. *Cincinnati* v. *White*, 6 Pet. 431. *New Orleans* v. *United States*, 10 Pet. 662, 713. *Watertown* v. *Cowen*, 4 Paige, 510. *Cady* v. *Conger*, 19 N. Y. 256, 261. *Abbott* v. *Mills*, 3 Vt. 521, 526. *Commonwealth* v. *Rush*, 14 Penn. St. 186. *Rowan* v. *Portland*, 8 B. Mon. 232, 248. *Methodist Episcopal Church* v. *Hoboken*, 4 Vroom, 13 ; 4 C. E. Green, 355. *Bayonne* v. *Ford*, 14 Vroom, 292. *Princeville* v. *Auten*, 77 Ill. 325. *Grogan* v. *Hayward*, 4 Fed. Rep. 161. 3 Kent Com. 450, 451.

The Massachusetts statute only applies to certain classes of ways, *Tyler* v. *Sturdy*, *ubi supra*, and we see no reason to doubt the suggestion of Mr. Washburn, that " the law remains, it would seem, as at common law, in respect to public squares and other subjects of dedication," especially in view of the fact that our statutes more than once have recognized the existence of parks " dedicated to the use of the public." Sts. 1875, c. 163, § 1 ; 1877, c. 223, § 1. Pub. Sts. c. 54, §§ 13, 16. Washb. Easements, (4th ed.) 235. See also Pub. Sts. c. 116, § 35 ; c. 27, §§ 9, 12, 50.

Of course, a case could be imagined in which the square would have to be regarded as only a part of the highway. But we do not understand that there is any doubt that this is a park or square, properly so called ; and it would hardly be contended that such parks and squares are within the St. of 1846. *Oliver* v. *Worcester*, 102 Mass. 489, 495. *Clark* v. *Waltham*, 128 Mass. 567. *Veale* v. *Boston*, 135 Mass. 187, 189.

If there has been a dedication by the owner, it is plain that acceptance by express vote of the town in which the park lies is not necessary. But it is perhaps fair to assume that the defendant's offer of proof did not embrace any act on the part of the town, or of its officers, indicating an acceptance by it. In the case of highways, there is no doubt that an acceptance by the town must be proved. Nor has any distinction been taken between what is necessary to make the town liable for a defect, and what is sufficient to deprive the owner of his rights. *Bowers* v. *Suffolk Manuf. Co.* 4 Cush. 332, 340. *Morse* v. *Stocker*, 1 Allen, 150, 153. *Durgin* v. *Lowell*, 3 Allen, 398, 400. *Hayden* v. *Stone*, 112 Mass. 346, 351. Compare *Hoboken Land Co.* v. *Hoboken*, 7 Vroom, 540, 545.

But the requirement of such an acceptance, in this State at least, has always been put on the ground that the town is bound to repair the highway when established, and that it ought not to be subjected to that burden without its consent. *Bowers* v. *Suffolk Manuf. Co.*, *ubi supra.* There is no such burden in the case of a public park. *Oliver* v. *Worcester*, *Clark* v. *Waltham*, and *Veale* v. *Boston*, *ubi supra.* And as the use is in the public at large, it is hard to see how an acceptance by the town can be declared necessary, except upon grounds which are hardly definite enough for judicial decision, however they might be regarded by the Legislature. The principle laid down in *The King* v. *Leake*, 5 B. & Ad. 469, that the refusal of a parish to adopt a way does not necessarily prevent its being public, although departed from in the case of ways, is law here when no special reason is shown for requiring the town's assent. It will be understood that we are not considering the effect of an acceptance by the town as completing a dedication, or as affording evidence that it was complete, but only whether such an acceptance is necessary to complete it.

The necessity of acceptance, in any form, of a gift to public uses has been a little over-insisted upon, perhaps, from a desire to bring the doctrine of dedication within some more general principle of law. But apart from the considerations specially applicable to highways, which have been mentioned, it has been admitted that the so-called acceptance which is deemed necessary may be indicated by common user. *Holdane* v. *Cold Spring*, 21 N. Y. 474. See *Larned* v. *Larned*, 11 Met. 421 (before the St. of 1846); *Hayden* v. *Stone*, *ubi supra;* *Green* v. *Chelsea*, 24 Pick. 71, 80. Or, as we think it better put, notwithstanding the observations in *State* v. *Atherton*, 16 N. H. 203, 210, acceptance will be presumed if the gift is beneficial, and user is evidence that it is beneficial. *Guthrie* v. *New Haven*, 31 Conn. 308, 321. *Hall* v. *Meriden*, 48 Conn. 416, 431. The English law seems to be, that a gift to and use by the public completes the dedication. The cases do not speak of acceptance in terms, so far as we have noticed. *Regina* v. *Petrie*, 4 El. & Bl. 737, 743. *Healey* v. *Batley*, L. R. 19 Eq. 375, 392. *The Queen* v. *Bradfield*, L. R. 9 Q. B. 552. *Vernon* v. *Vestry of St. James*, 16 Ch. D. 449. *Cincinnati* v. *White*, 6 Pet. 440. And it is

held in some States that no acceptance is necessary in order to vest the right in the public. *Methodist Episcopal Church* v. *Hoboken*, 4 Vroom, 21. *Hoboken Land Co.* v. *Hoboken*, *ubi supra.*

We have not considered whether the St. of 1882, *c.* 154, should be taken to put an end to common law dedication of parks after its passage, because the evidence might have warranted a finding that the dedication was complete before the passage of that act. It is familiar law that no particular length of time is necessary to make a dedication binding. If the petitioner's land was dedicated to the public for the purposes of a park, the fact was admissible to affect the amount of damages to be allowed for the new use of the surface. Without citing more of the innumerable cases to be found in the books, or laying down any proposition broader than is necessary for our decision, we are of opinion that the evidence offered should have been submitted to the jury.

2. The ruling of the court as to the deduction of special benefits may have been correct enough as far as it went, but it did not embrace the proposition embodied in the defendant's request, that a benefit is not prevented from being special by the fact that the estates on the opposite side of the way are benefited in like manner. This is settled law, and the jury should have been instructed accordingly. *Hilbourne* v. *Suffolk*, 120 Mass. 393. *Allen* v. *Charlestown*, 109 Mass. 243. It would be otherwise if the benefit was common to all lands in the vicinity. *Parks* v. *Hampden*, 120 Mass. 395. *Cross* v. *Plymouth*, 125 Mass. 557. *Exceptions sustained.*