### WILLIAM H. LINCOLN *vs.* CITY OF BOSTON.

Suffolk.    January 25, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Personal Injuries — Nuisance — Firing of Cannon on Boston Common*
*— License — Police Regulation.*

The city of Boston is not liable for injuries occasioned to a person by reason of his horse becoming frightened, while being driven along an adjoining street, by the firing of cannon on the Common under a license granted in pursuance of a city ordinance.

TORT. The declaration was as follows:

" And now comes the plaintiff in the above entitled action, and says that the defendant is a corporation existing under the laws of Massachusetts; that upon the eleventh day of August, A. D. 1888, said plaintiff was driving in a buggy upon the highway in said Boston known as Charles Street toward Beacon Street; that the horse attached to said buggy was owned by the plaintiff, and was tractable and broken to harness; that the plaintiff was experienced in driving horses, and was at all times hereafter mentioned in the exercise of due care; that while he was so driving past the Common, so called, one or more cannon placed on said Common at a point about two hundred feet distant from the Charles Street highway were fired with a great and violent noise, without any warning being given to the plaintiff; that said firing was repeated a second and a third time,

at very short intervals; that the plaintiff's horse was greatly alarmed by the said explosions, and upon the third report of said cannon became wholly uncontrollable by the plaintiff, and ran with great speed toward Beacon Street; that the buggy was brought into collision with a heavy team, and the plaintiff was thereby thrown out violently upon his back, and received sundry severe contusions and a serious injury to his spine, whereby he was kept from his business, was obliged to procure medical ·attendance, and suffered and still suffers pain and inconvenience; for which injuries he claims to be compensated by the city.

"And the plaintiff says that the said Common is a tract of land owned by the said defendant, over which it has full control; that by its ordinances its mayor is empowered to license the firing of cannon thereon, the Revised Ordinances of the city of Boston, 1885, chap. 42, sect. 14, providing : ' No cannon or artillery shall be fired by the militia or others upon the Common or other public grounds, unless such firing is authorized by the city council, the mayor, or the commander in chief of the militia of the Commonwealth'; that on or about the ninth day of August, 1888, the mayor of the city, then duly holding said office, gave a permit to a battery of the State militia to fire a salute of cannon upon said Common upon the date of the accident above described ; that the above mentioned cannon were fired by such persons in accordance with the permit so given by the mayor as agent of the city; and that the firing of said cannon upon said Common, authorized and sanctioned by the defendant, was a public nuisance, and rendered the highway known as Charles Street dangerous to persons driving thereon."

The defendant demurred to the declaration, on the ground that it did not set forth a legal cause of action.

The Superior Court sustained the demurrer; and the plaintiff appealed to this court.

W. K. Richardson, (J. T. Wheelwright with him,) for the plaintiff.

A. J. Bailey, for the defendant.

HOLMES, J.  We shall not enter upon the discussion to which we were invited by the arguments, as to whether a private landowner would be liable to travellers upon a highway for the noise caused by the firing of a cannon three times upon his land by

his license. The case of *White* v. *Jameson*, L. R. 18 Eq. 303, assuming that we should follow it, does not go to the extent of holding a landowner liable for a transitory act of a third person, the scope of which cannot be enlarged by calling it a public nuisance, and which has in it no element of continuing use of the real estate. See *Butterfield* v. *Boston*, *ante*, p. 544; *Commonwealth* v. *Patterson*, 138 Mass. 498, 500. But we express no opinion whether the principle of *White* v. *Jameson*, or of *Jackman* v. *Arlington Mills*, 137 Mass. 277, *Dalay* v. *Savage*, 145 Mass. 38, and the cases cited in *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47, would extend to the one supposed, because, if it would, we are of opinion that a different principle governs the liability of the city of Boston for the firing of cannon on the Common under a license granted in pursuance of the ordinance set out in the declaration. Revised Ordinances of 1885, c. 42, § 14.

The city is alleged to own the Common. But it appears by statutes and decisions, of which we are bound to take notice, that its rights, even at common law, hardly extend beyond a technical title, without the usual incidents of title, and it is equally apparent that the license which it gave was not given by it as an act of ownership, but as an act of municipal government.

" The city holds the Common for the public benefit, and not for its emolument, or as a source of revenue." The use of it is dedicated to and belongs to the public. *Steele* v. *Boston*, 128 Mass. 583. *Veale* v. *Boston*, 135 Mass. 187. *Abbott* v. *Cottage City*, 143 Mass. 521. And the Legislature has regulated the use very strictly. The city cannot let or sell the Common. St. 1854, c. 448, § 39. It cannot build upon it except within the narrowest limits. Pub. Sts. c. 54, § 16; c. 27, § 50. See St. 1859, c. 210, § 3. It cannot lay out ways over it. Pub. Sts. c. 54, § 13. Conversely, the city is not bound to keep it in safe condition, and is not answerable for defects in the paths which cross it. *Steele* v. *Boston*, 128 Mass. 583. *Veale* v. *Boston*, 135 Mass. 187. See also *Oliver* v. *Worcester*, 102 Mass. 489; *Clark* v. *Waltham*, 128 Mass. 567.

These considerations make plainer what is very plain without them, that the ordinance set out in the declaration is not the

exercise of an owner's authority over his property, but is a police regulation of the use of a public place by the public, made by the city under its power to make needful and salutary by-laws, without regard to the accidental ownership of the fee. St. 1854, c. 448, § 35. *Commonwealth* v. *Davis,* 140 Mass. 485. See *Commonwealth* v. *Worcester,* 3 Pick. 462 ; *Pedrick* v. *Bailey,* 12 Gray, 161 ; *Commonwealth* v. *Curtis,* 9 Allen, 266 ; *Commonwealth* v. *Patch,* 97 Mass. 221 ; *Commonwealth* v. *Brooks,* 109 Mass. 355. Like the ordinance discussed in *Commonwealth* v. *Davis,* its purpose is prohibitory, and the license which it implicitly authorizes (Revised Ordinances of 1885, c. 1, § 7) is merely a removal of the prohibition, and of the liability to a penalty which otherwise would be incurred. Revised Ordinances of 1885, c. 1, § 5. It makes no difference whether the license is given by the mayor or by the commander in chief of the militia. See St. 1887, c. 411, §§ 90, 108, 109. In either case, the license is not a permission granted by the agents of the owner, but an adjudication of an exception to a quasi statutory rule, made by a person who for that purpose is not the owner's agent. *A fortiori,* the person who fires the cannon is not the city's agent or servant, and the firing is not the city's act.

The case, then, is simply that the city has failed to prohibit by legislation the firing of cannon in a public park, or has given its legislative sanction on certain conditions. It has no private interest in the matter, and there is no statute giving an action for such a cause. *Clark* v. *Waltham,* 128 Mass. 567, 570, and cases *supra.* See *Hutchinson* v. *Concord,* 41 Vt. 271, 274 ; *Tindley* v. *Salem,* 137 Mass. 171. Annoying, and even dangerous, as such firing may be, an adjoining householder could not maintain an action against the city ; and the plaintiff stands no better than an adjoining owner would. We do not understand that he seeks to charge the city for a breach of its statutory duty with regard to highways. With regard to that, however it may be as to the duty of landowners, it would be enough to say that the act of the person who fired the cannon was the proximate, or at least a concurring cause, and that he was not a servant of the city ;* *Kidder* v. *Dunstable,* 7 Gray, 104 ; or more shortly still,

---

* See *Arey* v. *Newton, post,* p. 598.

that noises outside the limits of the highway amounting to a public nuisance are not a statutory defect in the way. *Hixon* v. *Lowell,* 13 Gray, 59, 63. *Keith* v. *Easton,* 2 Allen, 552, 555. *Bemis* v. *Arlington,* 114 Mass. 507. *Cook* v. *Montague,* 115 Mass. 571. For these reasons, without considering other defences, the demurrer must be sustained, and the judgment must be for the defendant.

Perhaps it will save future litigation if we go one step further, and intimate that, as the subject matter was within the city's authority to regulate by by-law, and as the by-law, so far as appears, is reasonable, those who act under it are justified in doing what we all know extra-judicially to have been done upon the Common time out of mind.        *Judgment affirmed.*

