MOLLIE R. COLE *vs.* CITY OF BOSTON.

Suffolk.    March 7, 1902. — May 21, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Evidence.    Damages.    Practice, Civil.*

At the trial of a petition for an assessment of damages from the limitation of the height of buildings on and near Copley Square in Boston by St. 1898, c. 452, a witness for the petitioner, having testified to the price at which adjoining land recently had sold, was not allowed to testify that the price of such adjoining land had been adversely affected by the passage of the act. *Held,* that the evidence properly might be excluded; for, although the price of the adjoining land was competent, an inquiry into the considerations determining that price would open a collateral investigation.

At the trial of a petition for an assessment of damages from the limitation of the height of buildings on and near Copley Square in Boston, the judge instructed the jury, that if they found that the petitioner's property was worth as much the day after the act was passed as it was the day before, they should find for the city. The petitioner did not ask the judge to state to the jury that only special benefits could be offset and not those shared by the public. *Held,* that if the petitioner had wanted more explicit instructions, he should have asked for them, and, having failed to do so, could not object to the charge for not containing them.

PETITION, filed September 6, 1898, for the assessment of damages from the limitation of the height of buildings on and near Copley Square in Boston by St. 1898, c. 452.

At the trial in the Superior Court before *Sherman,* J., Edward H. Eldredge, a witness for the petitioner, who had been for thirteen years engaged in the real estate business in Boston, and was familiar with the value of land in Copley Square, testi-

fied that about January 1, 1900, the Hotel Cluny, an apartment hotel, adjoining the petitioner's premises, sold for $230,000. The petitioner then offered to show by this witness, that the passage of the act affected the price at which the Hotel Cluny was sold, to the detriment of the vendor. The judge excluded the evidence and the petitioner excepted. The witness further testified that the act damaged the property of the petitioner to the amount of $25,000, and that he came to this opinion by his knowledge of sales before that date and sales of adjoining property since.

At the close of the evidence, the judge refused to give three rulings requested by the petitioner, which are stated by the court, and instructed the jury, that, if the petitioner was damaged, the jury should give her compensation, but if she was not, they should give her nothing. Adding " in other words, if you find her property was worth just as much the next day after this restriction was put on as it was the day before, why then she is not damaged and your verdict is to be for the city."

The jury returned a verdict for the respondent; and the petitioner alleged exceptions.

*H. N. Shepard*, for the petitioner.

*T. M. Babson*, for the respondent.

BARKER, J. The exception to the refusal to allow the petitioner to show that in the opinion of a witness the price at which an adjoining parcel of real estate had been sold about January 1, 1900, was affected to the detriment of the vendor by the passage of St. 1898, c. 452, must be overruled. While the price at which the adjoining land had been sold was competent, an inquiry into the considerations determining the price would open a collateral investigation which the presiding judge properly might exclude from the consideration of the jury. *Old Colony Railroad* v. *F. P. Robinson Co.* 176 Mass. 387.

The other exceptions are to the refusal of three requests for instructions and to the charge so far as it was inconsistent with the requests. The requests were these: " First. That by Chapter 452 of the Acts of 1898 the property rights of the plaintiff were taken for the benefit of the public for which the plaintiff was entitled to some compensation. Second. That Chapter 452 of the Acts of 1898 put the burden of an easement upon the

property of the plaintiff for which she was entitled to recover compensation. Third. That the jury should find some damage for the plaintiff."

The charge allowed the jury to find damages for the petitioner by the operation of the statute. It was not the law that the petitioner was entitled at all events to recover a verdict for some damage or compensation for her property rights taken or the burden of the easement imposed on her property by the statute. Damages or loss in property sustained by any person by reason of the operation of the statute are to be recovered in the manner prescribed by law for obtaining payment for damages sustained by any person whose land is taken on the laying out of a highway. St. 1898, c. 452, §§ 3, 4. This means that the damages to be awarded are the value of the property taken and of resulting damages if any to the remaining property not taken, less the amount of the special and peculiar benefit if any to the remaining property from the operation of the act. *Cross* v. *Plymouth*, 125 Mass. 557. *Abbott* v. *Cottage City*, 143 Mass. 521, 526. If the special benefit equals or exceeds the amount of damages ascertained by this rule the landowner is not entitled to a verdict for damages. Each of the requests was refused properly because inconsistent with this rule. The petitioner concedes in substance that special benefits could be offset and contends that no special benefits were shown. But there was evidence tending to show that the petitioner's estate did receive a special benefit by the limitation of the height of buildings by the act, in the taking away of the possibility that buildings upon her narrow lot in the interior of the block between two side streets entering Boylston Street, and having the right to light and air only from that street and the alley in the rear, should be deprived of light and air by other buildings exceeding the limit of height prescribed by the act. The amount of this special benefit was for the jury.

It is true that the charge did not state the rule for the assessment of damages with fulness. But the exception to the charge was only so far as it was inconsistent with the requests. If the petitioner desired explicit instructions as to the set-off of benefits she should have requested them, or at least called the attention of the presiding judge to that matter and to the contention now

made that under the charge, the jury could set off benefits which were general, occasioned merely by the beautifying of the square.

*Exceptions overruled.*