# DEPARTMENT OF HIGHWAYS & PUBLIC WORKS OF THE STATE OF TENNESSEE v. J. W. TEMPLETON.

Western Section.   March 18, 1927.

No petition for Certiorari was filed.

1. **Eminent domain.   Highways.   Damages.   State highway department is entitled to set off all special benefits against damages caused by the taking of a right-of-way.**
   Where land is taken by the state highway department for right-of-way purposes all special benefits accruing to the owner from the establishment of the road should be set off against his damages.

2. **Eminent domain.   Highways.   Special benefits defined.**
   The fact that all property along a rock highway may be benefited by the building of the road, does not make such benefits general, but the benefits thus derived by the property owners are special benefits which should be considered and may be set off against his damages.

Appeal in Error from Circuit Court, Weakley County; Hon. Robert A. Elkins, Judge.

Reversed.

Maiden, Rowlett & Maiden and J. W. Rankin, of Dresden, for plaintiff in error.

J. W. Thomas, of Dresden, for defendant in error.

HEISKELL, J.   This suit was brought by the petitioner, The Department of Highways and Public Works of the State of Tennessee, for the purpose of condemning a strip of land across the lands of the defendant, to be used in the construction of a highway from Dresden to Union City, said highway being part of the system of roads of the State of Tennessee.   There was a writ of inquiry and a jury of view which assessed the value of the land at $100 and incidental damages at $135.

Both parties appealed to the Circuit Court of Weakley county, where the case was tried before a jury and a verdict was rendered in favor of defendant Templeton for $100 for value of the land and $398 as incidental damages and $9.96 interest, making $507.96, for which a judgment was rendered against Weakley county. From this judgment petitioner has perfected an appeal to this court and assigned errors.

The third and fourth assignments of error are as follows:

"3. The court erred in sustaining the objection of the defendant and refusing to allow the witness C. H. Hilliard to answer the following questions:

"Q. In what way will Mr. Templeton's land be benefited by this road crossing it, Mr. Hilliard?

"Mr. Thomas: I believe I will object to that.

"The court; I will sustain the objection; ask him if there is any special benefit not in common with other lands along this right-of-way.

"Q. 17. Mr. Hilliard, can you state any special benefits that will come to Mr. Templeton's land. . . .

"The court: Not in common with all other lands along the right-of-way?

"Q. 18. Mr. Hilliard, do you think the Templeton lands would be benefited by this road being passed over and across this land in a different way to other lands in the community along the road where the land doesn't touch the road?

"The court: Mr. Hilliard, don't answer that question.

"Q. 23. Mr. Hilliard, would the building of this hard surface road across the Templeton land increase the value of that land? A. I think so.

"Q. 24. How much per acre?

"Mr. Thomas: I object to that.

"Mr. Rankin: We want the answer to go in the record.

"The court: All right; let him whisper his answer to the stenographer."

(Witness whispers) "Generally speaking it will be double the value."

"The court: The broad statement is incompetent; if you can show some special benefit.

"Q. 25. Mr. Hilliard, what special benefit will be derived by the Templeton lands adjoining this road, if any? A. Well, generally speaking, the highway will enhance the value by putting it nearer to a town.

"Mr. Thomas: I object to that.

"The court: I will sustain the objection."

To which ruling of the court the petitioner then and there excepted and now excepts.

"4. The court erred in sustaining the objection of the defendant to question sixteen of the witness C. H. Hilliard, which is as follows:

"In what way will Mr. Templeton's land be benefited by this road crossing it, Mr. Hilliard?

"Mr. Thomas: I object to that.

"The court: I will sustain the objection; ask him if there is any special benefit not in common with other lands along this right-of-way."

This was affirmative error on the part of the court to limit the proof as to benefits to the lands of J. W. Templeton to such benefits as inured particularly to this piece of land and did not inure to the benefit of other tracts of land similarly located along the proposed road.

Confining our attention, for the present at least, to assignments three and four, it clearly presents the attitude of the court toward the evidence offered on behalf of petitioner in this case. The same question is raised by other assignments as to the exclusion of testimony of other witnesses that is raised by the third and fourth assignments as to the exclusion of this testimony of Hilliard.

The court refused to allow any testimony showing incidental benefits to accrue to defendant's land in common with other land owners along and fronting on the road. The trial judge held that all benefit shared in by other land along the right-of-way and fronting on the road was general and not special and therefore could not be proven as an offset to incidental damages.

There is no controversy as to the rule that general benefits can not be set off against incidental damages, and that special benefit can be so set off, but the appellant contends that benefits shared in by the defendant and other land owners whose lands front on this road are special and not general, therefore the evidence offered and excluded was competent.

"A benefit may be special in respect to particular property although such benefit is shared by other property in the vicinity, as in the laying out or widening of a highway, but it has been held that to render a benefit special under such circumstances the different tracts must occupy a peculiar situation with reference to the improvements; if the benefit attaches to all the lands in the neighborhood without regard to the situation with reference to the improvement, it is general and can not be deducted."

Corpus Juris 20, pages 822-825; See Cyc. 15, pp. 770-773 to the same effect.

"When the land is taken for the laying out or widening of the way there are two kinds of benefits which the remainder of the lands may receive; the special and direct benefit arising from its position on the way, and the general benefit not arising from its location on the way but from the facilities and advantages caused by the way. The direct and peculiar benefit may be considered while a general benefit can not be."

Wilcox v. Meridian, 57 Conn., 20.

"These special benefits usually find concrete expression in a comparatively greater increase in the value of such lands, though that may not be, and often is not, the only special

benefit which they enjoy. But certainly, to the extent that the benefits accruing to those whose lands on the highway exceed those of their neighbors whose lands are off the highway, they are special. The benefit that is limited in enjoyment to one or two or more persons is special to him or them. Therefore, the fact that all persons who own land adjacent to the road enjoy special benefits does not make such benefits general. A special benefit to one tract on the highway does not become general, because a like benefit is enjoyed by many tracts that are also contiguous to the highway. The benefit accruing to each tract is special to it.'' Wilson v. Greenville County, 96 S. E., 301.

In the case of Faulkner v. The City of Nashville, which is reported in the advance sheet September 1, 1926, of the Southwestern Reporter, the City of Nashville was proposing to widen Church street and had condemned certain lands belonging to the defendant. The defendant was claiming incidental damages and the City of Nashville was insisting that the incidental benefits, which enured to the remainder of the defendant's lands, which were not taken and which benefits were caused directly by said lands enhancing in value by being located on a better thoroughfare, were such benefits as should be set off against incidental damages. The stipulation of fact as presented in this case is as follows:

''It is stipulated that the incidental benefits resulting from the widening, improvement of Church street, between said terminal points, to the property of the defendant, were greatly in excess of incidental damages; that these incidental benefits resulted from Church street, between said points, being widened; from the increase of travel thereon both by vehicle and on foot, from the increased accessibility to her property, from the convenience of getting to and from it with trucks and other vehicles and from increased facilities in stopping and parking in front of it without causing obstruction or interference to the flow of traffic on said street; that all of these increased facilities and advantages inured to each piece of property abutting on the improvement area of said street and in the same manner and measure; that the property of the defendant received no different or greater benefit from the improvement of said street than each piece of property located within the area of said improvements; that other property located within the neighborhood, but not on Church street, that is, property located on Broad street, Hays street, Cedar street, Patterson street, and intersecting avenues of other streets, would not receive these particular benefits.''

In this case under this stipulation of facts all the property located upon the proposed improvement, including the defendant's

property, was benefited in the same manner and in the same way, and the sole and only question that was to be determined by the court was whether the benefit caused by the building of the proposed improvement was a special benefit that could be set off against incidental damages or whether it was a general benefit.

The court in rendering its opinion referred to the case of Allen v. Charlestown, 109 Mass., 243, as follows:

"In Allen v. Charlestown, supra, were land was taken for the laying out of a street it was held that benefits were not the less direct and special to the land owner because other estates upon the same street were benefited in the same manner. The court said that the kind of benefits which must not be allowed to be ascertained for the purpose of deduction (meaning general benefits) where those which came· from sharing in the common advantage· and convenience of increased public facilities and the general advance in the value of real estate in the vicinity by reason thereof; that the advantages of more convenient access to the particular lot of land in question and of having a front upon a more desirable avenue were direct benefits to that lot giving it increased value in itself though it might be the same in greater or less degree with each and every lot of land upon the same street, but such advantages were direct and special to each lot, that they were in no sense common because there were several estates, or many, even, that were similarly benefited."

The court further said:

"In Hillbourne v. Suffolk county, supra, it was said that there were two kinds of benefits received by an estate bounded upon á way laid out, altered or widened; first, the special and direct benefits arising from its own position upon the way itself; and, second, general benefits arising not from its location on the way, but from the vicinity and advantages caused by the way, which affect all the estates in the neighborhood equally, and which were shared in common with such estates. The direct and peculiar benefit might be set off; the general benefit could not. To the same effect is Chase v. Portland, 86 Me., 367, 29 A. 1104."

The court further said in this case:

"From the foregoing authorities the conclusion must be reached that the increased accessibility to the defendant's property, the convenience afforded her in getting to and from it with trucks and other vehicles, the increased facilities for stopping and parking vehicles in front of it, were all advantages peculiar to the defendant's property. In other words, the advantage of a more convenient access to her property and of

having a front upon a more desirable street were all direct benefits accruing to and giving it increased value and that such direct and peculiar benefits are proper advantages to be considered in estimating her damages to the land not appropriated by the city. And this is true notwithstanding other property situated upon the same street and within the improved area received the same benefits. It is expressly stipulated that other property located within the neighborhood but not on the street improved would not receive these particular benefits, and they are not, therefore, common to all property in the vicinity or neighborhood and for this reason can not be held to be general.''

Other cases holding that benefits resulting from fronting on a road or street are direct and special and do not become general because other property may participate in the same benefits are: Brand v. Union Elevated R. R. Co., Am. Cas. 1914B, p. 476; Blair v. Charleston, 43 W. Va., 62, 35 L. R. A. 853; 64 Am. St. Rep., 837; 26 S. E., 341; Kirkendall v. Omaha, 39 Neb. 1, 57 N. W. 752. See also 9 L. R. A., N. S. 785.

A benefit is not prevented from being special by the fact that property on the other side the street is benefited in like manner from the construction of the highway. Abbott v. Cottage City, 143 Mass., 521; 10 N. E., 325; Lewis v. Seattle, 5 Wash., 741; 32 Pac. 794.

The cases cited for appellee are of little or no weight against this current of authority. Some of them are cases of condemnation of a right-of-way for a railroad. There is no comparison to be made between the benefit derived from fronting on a railroad right-of-way and fronting on one of the present day hard surface roads connecting up with a system extending over not only the entire state, but the whole nation and affording facilities for travel without mud at all seasons of the year and in all kinds of weather.

Other cases cited for appellee are of no greater force because the improvement brought no such benefit as inures to the owners of land fronting on a perfected highway. Even in case of a railroad it has been said that the location of a depot on the land condemned might constitute a special benefit which could be set off against incidental damages. Suppose, then, the station was located partly on land condemned from one and partly on land condemned from another, certainly both would not be immune as to special benefits because neither was the sole beneficiary. Yet the rule applied by the trial judge in the present case would go that far.

It was error in the lower court to exclude evidence of benefit derived to land from fronting on this highway. The petitioner was entitled to have this evidence go to the jury with an instruction

that such benefits, if shown, were direct and special and could be set off against incidental damages.

The fifth and sixth assignments relate to similar testimony of other witnesses, excluded by the court on the same ground. The seventh assignment is that the court erred in charging the jury that the proper means to arrive at incidental damages to the remainder of defendant's property is to estimate the special damages to it, if any are proven, "leaving out of view the general benefits resulting from the opening of the highway."

During the progress of the trial and in excluding testimony the court had indicated to the jury an erroneous view as to general and special benefits, therefore, this portion of the charge was erroneous and misleading.

It is not necessary to consider other assignments, since, for the errors indicated the case must be reversed and remanded for a new trial.

The appellee will pay the costs of the appeal.

Owen, J., and Sherrod, Sp. J., concur.