[No. 11845. Department Two. — May 28, 1887.]

B. COHN, RESPONDENT, v. H. S. PARCELS, TAX COLLECTOR OF THE CITY OF LOS ANGELES, APPELLANT.

STREET ASSESSMENT — WIDENING STREET IN LOS ANGELES — ACTION TO RESTRAIN ENFORCEMENT OF ASSESSMENT — CITY NOT NECESSARY PARTY. — In an action to restrain the tax collector of the city of Los Angeles from enforcing an assessment levied on a certain lot for the purpose of paying the damages occasioned by the condemnation of land for widening and extending an adjacent street, the city is not a necessary party defendant, for

the reason that under its charter it is not liable in any event for the damages caused by the condemnation, and the assessment, if collected, would go into a special fund to be paid to the parties entitled thereto.

PUBLIC SQUARE — PARTIAL INCLOSURE OF — USE OF EXCLUDED PORTION AS A STREET. — A strip of land in the city of Los Angeles originally forming part of a public plaza, as laid out by the authorities of the pueblo, and subsequently declared to be part of a public square by an ordinance of the city, does not cease to be a part of the square and become a public street by being excluded from an inclosure erected about the rest of the square, and used by the public for the purposes of a street.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Williams & McKinley,* and *J. C. Daly,* for Appellant.

*Howard & Scott,* for Respondent.

BELCHER, C. C. — It is provided by the charter of the city of Los Angeles that when land has been condemned for the widening or extension of a street, the damages shall be paid by the holders of the property fronting on and adjacent to the street to be extended or widened, and that assessments shall be levied on the property in a certain manner to raise the amount needed, and "in case any street crosses the line of or forms a junction with any street so laid out, extended, or improved, . . . . the land on the corners formed by said intersection or junction shall be assessed" for an additional sum.

Under the provisions of the charter, proceedings were regularly taken by the city authorities to widen and extend Main Street. The plaintiff owned a lot fronting on that street, which was assessed for an additional sum of $213.78, on account of a supposed frontage on another street, "forming a junction with" Main Street.

The defendant was about to sell the plaintiff's lot to pay this additional assessment, when this action was commenced to restrain the sale, upon the ground that

the assessment was improperly made, and the sale would cast a cloud upon the plaintiff's title.

The defendant demurred to the complaint upon the ground that, in collecting the assessment, he was acting in his official capacity as the agent and servant of the city of Los Angeles, and the city should have been joined as a party defendant.

The court overruled the demurrer, and this ruling is assigned as error.

We think the demurrer was properly overruled.

There have been many similar cases in this state brought against collectors of taxes and assessments, but the point here presented does not appear to have been made in any of them.

In support of their contention, counsel for appellant cite *Gilmore* v. *Fox*, 10 Kan. 509. That was an action to restrain the sale of real property for an assessment, and it was held that the city was a necessary party defendant. The decision was, however, based upon the ground that the money, when collected, would belong to the city, which was liable for the payment of the damages in case the assessments were not collected.

That case is not in point here, for the reason that under its charter the city of Los Angeles was not made liable for the payment of the damages in any event, and the money, if collected, would have gone into a special fund, to be paid out to the parties entitled to it. The city had, therefore, no such interest in the case as to make it a necessary party.

At the trial the case was submitted upon an agreed statement of facts, and the only question made in regard to the validity of the assessment was as to whether plaintiff's lot fronted on a street forming a junction with Main Street.

Plaintiff recovered judgment, and from that and an order denying a new trial defendant appealed.

It appears from the agreed statement of facts that the

strip of land, which is claimed by appellant to be a street, and to form a junction with Main Street, is a part of a tract which was owned by the pueblo of Los Angeles, and prior to 1846 was laid out by the authorities of the pueblo as a public plaza, and on the 20th of December, 1856, was, by an ordinance of the city of Los Angeles, declared to be a public square.

For some time after the passage of the ordinance, all of the land so set apart was open and used as a public square; but prior to 1872, a fence was erected which inclosed the greater part of it, leaving out Main Street to the west (which had theretofore been set apart as a public street), and also leaving out a strip along the north line of plaintiff's lot, eight feet wide. In 1872 this fence was changed and made elliptical in form, and was so placed that, at its nearest point, it was distant from the plaintiff's lot seventy and one half feet. The ground within the inclosure has always been used as a public park, and the strip between the elliptical fence and the plaintiff's lot has since been used by the general public for passing and repassing on foot, and with vehicles and animals, but has never been declared, by any ordinance or resolution of the city, to be a street, nor has it ever been graded under authority of the city.

Upon these facts, did the strip of land in question become a public street? We do not see how it can be rightfully claimed that it did. As well might it be said, if the square had never been inclosed, and the public had been permitted to pass and repass, on foot and with vehicles and animals, diagonally across it, that the ways so used were thereby made streets of the city. Being a part of the land dedicated as a public square, the strip must be held, we think, to remain such until its character and use shall be changed by some official and authoritative action.

It follows that the judgment and order should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.