GRACE McKAY *vs.* INHABITANTS OF READING.

Middlesex.    March 17, 1903. — September 2, 1903.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Deed.    Way.*

A description in a deed from a religious society to a town of certain premises conveyed as "all the land now used as a common, containing two acres more or less, lying between" three streets named, followed by a covenant of the grantee that the land south of a certain row of trees should be forever used by the town as a common, was held to convey all of a triangle of land between the three streets named and to describe it as used as a common and containing two acres, and not to purport to convey only so much of the land described as then was used as a common.

Even before St. 1875, c. 163, (R. L. c. 53, §§ 17, 18,) no right of the public could be acquired by prescription by passing and repassing over a portion of an open common.

Tort for personal injuries from an alleged defect in a walk alleged to be part of a highway of the defendant. Writ dated November 18, 1899.

At the trial in the Superior Court before *Hardy*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

The following is taken from the plan referred to by the court, which was printed as part of the plaintiff's brief and was used

by both parties at the argument. The passage from the present Lowell Street on the west to Harnden Street on the east was called for convenience Short Street during the trial and at the argument.

*W. B. Farr*, for the defendant.

*C. W. Clark*, for the plaintiff.

Loring, J. This is an action for personal injuries suffered by a traveller from tripping over an indentation or rut three to six inches deep in a walk, caused by the washing away of the surface of the walk by rainwater. It appeared that the indentation or rut had been allowed to remain without being mended for some two weeks before the accident to the plaintiff. The defence set

up was that the walk in question was part of a public common. If it was, the defendant is not liable. *Clark* v. *Waltham*, 128 Mass. 567. *Lincoln* v. *Boston*, 148 Mass. 578, 580. *Howard* v. *Worcester*, 153 Mass. 426, 427.

The accompanying plan shows the common in question. It is a triangular lot of land bounded by what are now Salem, Harnden and Lowell Streets. The plaintiff's contention is that what is called Short Street in the case was a public way through the common and included within its limits the walk in question on which the accident happened.

It appeared that the triangular lot of land mentioned above was an ancient common, the fee being in the Old South Parish, and that by an indenture dated August 4, 1853, between the parish and the defendant town, it was conveyed to the town, and the inhabitants of the town covenanted that it should " be forever used by the town as a common."

The defendant asked to have the jury instructed that there was no evidence that the walk where the plaintiff was injured was at the time of the accident part of one of the public ways within the town of Reading. This was refused, and the jury were instructed that the place where the accident happened was originally part of a public common and that the defendant was not liable unless it had become a public way by prescription.

The plaintiff now seeks to sustain the refusal to give this ruling by the contention that there was no evidence that Short Street was ever part of the common. This contention is based on the fact that the premises covered by the indenture of 1853 are described as " all the land now used as a common, containing two acres more or less, lying between Lowell [now Salem] Street, Salem [now Harnden] Street, and Ash [now Lowell] Street." She argues that the deed did not cover all the land between the three streets named in it but only so much of it as was then used as a common, and that there was no evidence that the part called Short Street was then or had been previously so used.

But in our opinion that is not so. In our opinion the deed is not a conveyance of so much of the parcel of land described as is used as a common ; it is a deed of all of the parcel of land described, which parcel of land is used as a common and contains two acres more or less, and lies between Lowell Street, etc.

Had there been any doubt of this being the true construction of the description of the premises covered by the indenture, it would have been dispelled by the covenant of the grantee that "the land south of the row of small trees south of the Old South Meeting House, shall be forever used by the town as a common." It is stated in the bill of exceptions that "The row of small trees was situated on the southerly side of what was then called Lowell Street" and is called Salem Street on the accompanying plan. All land shown on the plan south of what is now Salem Street is covered by the covenant, including the part called Short Street.

The presiding judge instructed the jury that the whole triangle, including the part called Short Street, had been formerly a common. In this he was, in our opinion, right. But he also told the jury that if Short Street had been used as a way continuously for twenty years prior to the enactment of St. 1875, c. 163, now R. L. c. 53, §§ 17, 18, adversely under a claim of right, it became a way by prescription. In this we think that he was wrong. There was no evidence of such user.

All that appeared in evidence was that persons going from Union Street to Woburn Street, or *vice versa*, were in the habit of passing over that portion of the Common which is called Short Street, and that they passed and repassed over this portion of the Common in carriages and on foot; that the wheel marks were where Short Street is shown on the plan, and that persons on foot were in the habit of going just north of the wheel marks, where there is now a walk shown on the plan. There was no evidence that the defendant town ever had constructed or repaired what is called Short Street as a street for travel. It did appear that in 1883 or 1884 a curb was put round the easterly of the four lots shown on the plan, and that the path where the plaintiff was walking was within the curb. The plaintiff's contention is that the place where she was walking had become part of a highway by prescription, and what took place in 1883 or 1884 did not change its character. But so long as a common is open, in the absence of regulations to the contrary it is the right of any member of the public to drive or walk across it, and his doing so will be taken to be the exercise of that right and cannot be made the ground for a title by pre-

scription in himself or in the public. The principle is one of which there is no question and was applied by this court seventy years ago to the very point now before us. In *Emerson* v. *Wiley*, 7 Pick. 68, the defendant justified a trespass on the ground that the locus was a public highway, and undertook to show that it was so by evidence that it had been used by the public on foot, with cattle, horses and carts, for more than thirty years. But it appeared that the land when so used was an open common, and it was held that under these circumstances there was no evidence of user as a highway. Wilde, J., in delivering the opinion of the court, said : " The passing over a training field or open common, is no uncommon usage, and however long it may continue, it will not convert a field or common into a public highway." See in this connection *Langley* v. *Gallipolis*, 2 Ohio St. 107 ; *Cohn* v. *Parcels*, 72 Cal. 367. See also *Sprow* v. *Boston & Albany Railroad*, 163 Mass. 330. The plaintiff relies on the case of *Veale* v. *Boston*, 135 Mass. 187. That was a case where the city of Boston put a fence around Boston Common, and in doing so threw into Park Street what had been up to that time part of the Common ; it then constructed over a part of this strip that portion of Park Street which was wrought for travel by horses and carriages, and it constructed a sidewalk over the balance of it. It was held that twenty years' use of this strip as part of Park Street, under these circumstances, made it a part of that public way. There was no such fencing out of a part of the common in the case at bar. There was a curbing put round that portion of the Common north of Short Street in 1883 and 1884. But that was after St. 1875, c. 163, and it is expressly stated in the bill of exceptions that " The plaintiff did not claim any additional rights by reason of what the town did upon that walk in 1883 or 1884." On the contrary the plaintiff's contention is that the use of Short Street " as a connecting link between Union Street and Woburn Street, as shown upon the plan, must have been adverse." In our opinion it was nothing more than the exercise of the right which the public had in an unfenced common and the repeated use in one part of the common does not change the character of the use.

*Exceptions sustained.*