## JOEL W. UPHAM *vs.* CITY OF WORCESTER.

Upon the trial of a petition for the revision of an assessment for betterments made upon an estate, a portion of which had been taken for a highway, the petitioner offered to show that the amount of benefit peculiar to the estate had been deducted from the damages awarded him for the land taken. The evidence was rejected, and the jury instructed tha the estate was not to be assessed by them for benefits peculiar to it. *Held*, that the peti tioner had no ground for exception.

PETITION for a revision by a jury of an assessment of betterments upon the petitioner's estate, situated on High Street and on Chatham Street, in the city of Worcester, made under the provisions of St. 1870, c. 163.

At the trial in the Superior Court, before *Lord*, J., it appeared that the assessment was made for alleged benefit conferred upon the petitioner's estate by certain improvements in the two streets ; that in making these improvements a portion of the petitioner's land was taken, and the grade of the streets was lowered ; that the alterations in the streets were made by the county commissioners, upon a petition to them, in the nature of an ap-

peal from the refusal of the common council of the city to accept the order of the mayor and aldermen, making the changes ; that the petitioner, being dissatisfied with the damages awarded him for the land taken and for the change in the grade of the streets, had petitioned the county commissioners for a jury to assess his damages; that while his petition was pending before the commissioners, by an agreement between him and the city, a committee was appointed to assess his damages, instead of having the assessment made by a jury.

The record of the award of the committee was introduced, showing that the sum of four thousand dollars, as a gross sum, was awarded to the petitioner by the committee as the amount of damage to his estate, resulting from the taking of his land and the lowering of the grade of the streets.

The petitioner contended that the committee in arriving at the amount of his damages had deducted, under Gen. Sts. *c.* 43, § 16, by way of set-off, five hundred dollars for benefits claimed as peculiar to the petitioner's estate, and, under St. 1870, *c.* 163, § 3, offered the testimony of the chairman of the committee, to prove that the committee did deduct the peculiar benefits to the petitioner's estate, and that the amount deducted was five hundred dollars ; but the court ruled that such incidental benefits peculiar to the estate of the petitioner were properly deducted on such hearing ; that no evidence of any such benefits was competent to be considered, in determining the amount to be assessed under the betterment act; that the two kinds of benefit were distinct; that those peculiar to the estate were properly deducted by way of set-off ; and that those shared in common with other estates in the vicinity were proper to be considered in assessing under the betterment act; and rejected the evidence. The court instructed the jury not to assess the petitioner's estate on account of benefits peculiar to it, and the petitioner excepted.

*P. E. Aldrich*, for the petitioner.

*T. L. Nelson*, for the respondent.

GRAY, C. J. The benefits which may accrue to any estate from the laying out of a highway are of three kinds : 1st. Those directly occasioned to an estate bounding upon the highway, and

peculiar to the estate itself, as distinguished from other estates not bounding thereon. 2d. Those shared by the estate in common with other estates in the neighborhood. 3d. Those which extend to all estates in the same town or city.

Benefits of the first kind only can be allowed by way of setoff against the damages awarded to the owner under the highway act for taking part of the estate and injuring it. Gen. Sts. *c.* 43, § 16. *Dickenson* v. *Fitchburg*, 13 Gray, 546. *Whitney* v. *Boston*, 98 Mass. 312. *Allen* v. *Charlestown*, 109 Mass. 243. Benefits of the first kind, where no part of the estate is taken or injured by the laying out of the highway, and of the second kind in all cases, are to be included in the benefit and advantage to be considered in making an assessment under the betterment acts. Sts. 1870, *c.* 163, § 3 ; 1871, *c.* 382, § 1. The increased value of the estate by reason of benefits of the third kind, being those which its owner receives in common with all other owners of lands in the same municipality, are not subjects of compensation from him to the public in any form of proceeding. St. 1871, *c.* 382, § 1.

The bill of exceptions shows that part of the petitioner's land was taken for the highway, and that his damages were assessed by a committee duly appointed. He now offers to prove that in the estimate of those damages the peculiar benefits to his estate were deducted, and the amount of that deduction. But the betterment act of 1870, *c.* 163, § 3, under which the present case arose, enacts that in estimating, in accordance with its provisions, the benefit and advantage to any estate by the laying out or alteration of a highway, " due allowance shall be made for any benefit set off under the provisions of § 16 of *c.* 43 of the General Statutes." If the amount of the peculiar benefit thus set off had been permitted to be given in evidence, the jury must have been instructed not to include it in their verdict ; and the same result was reached more directly and quite as surely by wholly excluding from their estimate all such benefits as could be so set off. The petitioner, therefore, has no ground of exception to the rulings and instructions at the trial.    *Exceptions overruled*