ALPHEUS J. HILBOURNE *vs.* COUNTY OF SUFFOLK.

Middlesex.  Jan. 21. — Juno 27, 1876.  COLT & DEVENS, JJ., absent.

Upon a trial to assess damages for land taken to widen a street, it is erroneous to instruct the jury that no benefit, which was shared in common with other estates on the highway, from which no land had been taken, can be deducted from the damages of any abutter.

PETITION to the county commissioners for a jury to assess damages for the taking of land for the widening of Washington Avenue in Chelsea.

At the trial before a sheriff's jury, it appeared that, for a part of the distance between the two terminal points of widening, the widening was wholly on one side of the avenue, and for the residue of the distance was on both sides of the avenue, so that from some estates, between the two terminal points of widening, land was taken for the widening; but from other estates, between these terminal points, no land was taken.

The presiding officer instructed the jury, that "if there was a general benefit or advantage to the petitioner's remaining real estate received from the widening, but that the same general benefit or advantage was also received from the widening by real estate of other persons on Washington Avenue, no part of whose estates was taken for the widening, such general benefit or advantage to the petitioner's remaining real estate cannot be deducted from the petitioner's damages."

The jury returned a verdict for the petitioner.  In the Superior Court, the verdict was accepted; and the respondent appealed to this court.

*J. L. Stackpole*, for the respondent.

*J. D. Ball*, for the petitioner.

ENDICOTT, J.  Where land is taken for a highway by public authority, the owner is entitled to a just and fair compensation for that of which he has been deprived.  In determining the amount of his compensation, the direct and peculiar benefit which results to his remaining and adjoining land is to be considered.  In an early case, it was said that the rule of damages was "the value of the land taken, the expense of fencing against the road, and the damage done to the land remaining, from

which is to be deducted the benefit of the road, if any, to the owner of the land." *Commonwealth* v. *Norfolk*, 5 Mass. 435, 437. See also *Commonwealth* v. *Coombs*, 2 Mass. 489, 492. This rule as to deduction of benefits was afterwards embodied in the statutes. St. 1824, *c.* 153. Rev. Sts. *c.* 24, § 31. Gen. Sts. *c.* 43, § 16. In *Meacham* v. *Fitchburg Railroad*, 4 Cush. 291, it was held that there must be some limitation of the general proposition, as stated in the statute ; and the rule was laid down that any direct and peculiar benefit or increase of value, accruing to land of the same owner, adjoining or connected with the land taken, and forming part of the same parcel, is to be allowed by way of set-off, but not the general benefit or increase of value received by such land in common with other lands in the neighborhood. This distinction has been observed in all the cases which have been since decided. *Upton* v. *South Reading Branch Railroad*, 8 Cush. 600. *Farwell* v. *Cambridge*, 11 Gray, 413. *Dickenson* v. *Fitchburg*, 13 Gray, 546. *Whitman* v. *Boston & Maine Railroad*, 3 Allen, 133. *Allen* v. *Charlestown*, 109 Mass. 243. *Upham* v. *Worcester*, 113 Mass. 97. From these cases it appears that there are two kinds of benefit received by an estate bounding upon a way laid out, altered or widened : first, the special and direct benefit arising from its own position upon the way itself ; and, second, the general benefit not arising from its location on the way, but from the facilities and advantages caused by the way, which affect all estates in the neighborhood equally, and which are shared in common with such estates. The direct and peculiar benefit may be set off ; the general benefit cannot.

The highway in question, called Washington Avenue, in Chelsea, was widened through its entire length. A portion of it was widened by taking land on one side only, so that, upon that portion, there were other estates from which no land was taken.

The ruling of the presiding officer upon the question, what benefits should be set off under the statute, was in substance that no benefit could be set off which was shared in common with other estates on the highway, from which no land had been taken.

This ruling was clearly erroneous. Under it, the peculiar and direct benefit, accruing to the estate from its position on the

highway itself, could not be allowed, if similar direct benefits accrued to other estates on the same highway from which no land had been taken. These other estates may have received peculiar benefits by the widening, and they may also have received general benefit common to all the estates in the neighborhood. The advantages that an abutter may receive from his location on a highway laid out, altered or widened, are none the less peculiar and special to him because other estates on the street receive special and peculiar benefits of a similar kind. *Allen* v. *Charlestown,* 109 Mass. 243. The ruling in that case, held to be bad, was that if all the estates abutting on the street are benefited in a similar manner, the amount of his benefits cannot be deducted from the damages of any abutter. Here the ruling limits the comparison to the estates abutting on the street from which no land had been taken. But an estate abutting on the street may receive a peculiar and direct benefit, although no land has been taken from it. A new highway may be laid out, or an old way may be widened, so as to cause the estate to abut upon it without taking any of its land. The amount of peculiar benefit thus accruing to it may never be the subject of judicial inquiry, because, no land being taken, no proceedings for damages can be instituted. But the benefit it receives is none the less direct on that account.

We are of opinion that this case falls within the decision in *Allen* v. *Charlestown, ubi supra.*  *Verdict set aside.*