JAMES DONOVAN & others *vs.* CITY OF SPRINGFIELD.

Hampden. September 25. — 27, 1878. AMES & SOULE, JJ., absent.

On a petition for damages occasioned to different lots of land abutting on a street, by reason of raising the grade of the street, one of the petitioners testified, on cross-examination, against the petitioners' objection, that, before the grade of the street was raised, there was standing water on the lots of some of the petitioners; but there was no evidence upon which of the petitioners' lots the water was standing. *Held*, that no error appeared in the admission of this evidence.

On a petition for damages occasioned to the abutters on a street, by reason of raising the grade of the street, evidence that damages had been awarded to abutters other than the petitioners is *res inter alios*, and incompetent as an admission by the city.

On a petition for damages occasioned to the abutters on a street, by reason of raising the grade of the street, benefits derived from the situation of the petitioners' lands with reference to the street in question, enhancing their value in that regard, are direct and special, and are to be allowed in set-off, although the same benefit may be common to all the property on the street.

PETITION, under the Gen. Sts. *c.* 44, §§ 19, 20, to the county commissioners, by fifteen owners of different lots of land on Sharon Street in Springfield, for a jury to assess the damages sustained by their respective estates, by reason of raising the grade of Sharon Street.

At the trial, before the jury, it was admitted that Sharon Street was duly laid out and accepted by the city as a public street on October 21, 1872, but no grade was then established. There was evidence tending to show that after this order was passed, some work was done by the city to better fit the street for travel, but no change of grade was made until after May 25, 1874, at which time it was admitted that the city, upon petition, by proceedings duly had, ordered a sidewalk to be laid out, established and constructed on both sides of Sharon Street, from Main Street to Chestnut Street, about fifteen hundred feet, with

specified grades the entire length of Sharon Street, and that when the sidewalks were built they were constructed at the grade established by said order, and that the roadway between the sidewalks was then raised so as to conform to the grade of the sidewalk.

The petitioners introduced evidence tending to show that in carrying out the order of May 25, 1874, the sidewalks and the roadway were raised in front of the petitioners' premises and dwelling-houses from two to six feet, and that this work was done in 1874 and 1875, and that the petitioners' premises were situated on different parts of the street. The respondent contended that the land through which the sidewalk was laid was originally marshy and swampy for the greater part of the way, and that the petitioners' property was bettered by the proceedings of the city, so as to fully offset all damages.

One of the petitioners was permitted to testify, upon cross-examination, against the petitioners' objection, that there was standing water on some of the lots of the petitioners in 1868. He also testified that some of the petitioners' lots were filled between 1868 and 1874, to the depth of as much as six inches; and that there was no water upon his lot at the time of the passage of the order in 1874. But it did not appear from any testimony in the case upon which of the petitioners' lots this water was standing.

The respondent also contended that a part of the work done by the city, on account of which the petitioners claimed damage, was done under the order of 1872, and not under the order of 1874 ; and that the petitioners were not entitled in these proceedings to recover for any damages sustained by them.

The petitioners, in reply, offered in evidence a certified copy of the record of the entire proceedings of the mayor and aldermen in relation to the location of Sharon Street as a public street, which showed that damages had been awarded abutters other than the petitioners. The sheriff, at the request of the respondent, excluded that part of the record relating to damages awarded to parties other than these petitioners.

The jury were instructed that they were to consider whether the work done on Sharon Street was done under the order of 1872, or under the order of 1874.

The sheriff, in connection with other appropriate instructions relating to setting off betterments, also instructed the jury, against the petitioners' objection, as follows : " All such benefits as come from the situation of the lots with reference to the grade of the street, affecting their value, such as having a dryer and pleasanter street in front of the lots, and having more convenient access to the lots, are direct and special, and must be set off against the damages. And this is true, although the same benefit may be common to all the property on the street."

The jury awarded as damages one dollar to each of the petitioners. In the Superior Court the verdict was accepted; and the petitioners appealed to this court.

*M. B. Whitney & A. M. Copeland,* for the petitioners.

*M. P. Knowlton,* for the respondent, was not called upon.

GRAY, C. J. 1. It does not appear from the certificate of the sheriff that there was any error in allowing the question put to one of the petitioners on cross-examination.

2. The part of the record of the mayor and aldermen, which related to damages awarded to other parties, was rightly excluded. It was *res inter alios,* and incompetent as an admission by the city.

3. The ruling as to setting off benefits evidently had reference only to the order of 1874, under which the petitioners were claiming damages. The only benefits allowed to be set off were those derived from the situation of the petitioners' lands with reference to the street in question, enhancing their value in that regard. Such benefits were direct and special, although other lots upon the same street might be benefited in like manner. *Allen* v. *Charlestown,* 109 Mass. 243. *Hilbourne* v. *Suffolk,* 120 Mass. 393. *Parks* v. *Hampden,* 120 Mass. 395.

*Verdict accepted.*