## WIDENING OF ALAKEA STREET, HONOLULU.

EXCEPTIONS.

HEARING, JUNE 25, 1890.    DECISION, AUGUST 20, 1890.

JUDD, C. J., McCULLY, BICKERTON, DOLE, JJ.

Assessments for the betterment of estates will be limited to estates abutting on the highway or street which has been opened or widened.

OPINION OF THE COURT, BY McCULLY, J.

The point for decision in this matter as it was presented on appeal is solely whether estates or lots not abutting on the street which has been widened shall be assessed for the betterment.

The authorities are agreed that such terms as " especially benefited" must be construed to mean something different from the general benefit to the city at large, and from the locality near the street which has been improved by widening.

Chief Justice Gray, in *Upham vs. Worcester*, 113 Mass., 97, says : " The benefits which may accrue to any estate from the laying out of a highway are of three kinds : 1st. Those directly occasioned to an estate bounding upon the highway, and peculiar to the estate itself as distinguished from other estates not bounding thereon. 2nd. Those shared by the estate in common with other estates in the neighborhood. 3rd. Those which extend to all estates in the same town or city. Benefits of the first kind only can be allowed by way of set-off against the damages awarded to the owner under the Highway Act for taking part of the estate and injuring it." ·

To a similar effect are *Parkes vs. Hampden*, 120 Mass., 396; *Allen vs. Charlestown*, 100 Mass., 246; and *Cross vs. Plymouth*, 125 Mass., 558.

This rule is founded on good reason, and any other line of distinguishing estates which are assessable for benefits from those which are beyond the influence of the improvement would be difficult to establish, and arbitrary and unsatisfactory in its working.

We adopt the reasoning and decision of the Chief Justice, which follows below.

*W. A. Whiting*, for the Government.

*W. Foster*, for appellants.

### CONCURRING OPINION OF DOLE, J.

I support the conclusion of the foregoing opinion, upon the sole ground that our statute only authorizes the charging of costs for the widening of streets against the lands which have been damaged by such widening. The wording of the statute is somewhat loose and vague in places, but reading the whole of it and interpreting the doubtful parts by the context, one is led clearly to the conclusion that other lands than those which have been injured and are awarded damages were not under consideration by the Legislature when the statute was enacted.

As the land affected by the proceedings before the Court is not within the class of lands referred to in the statute, the assessment of costs against it must be cancelled.

---

### DECISION OF JUDD, C.J., APPEALED FROM.

Several important questions are brought up by these appeals.

First. Have the Commissioners appointed under the statute to assess the damages to property taken for street opening or improvement, and benefits for such improvements, the authority to assess benefits upon land situated not upon the street widened, but in the neighborhood?

Second. Are the particular estates whose assessments are appealed from within the authority of the Commission?

Third. Do the damages or cost, a percentage of which is to be recouped by these assessments, include the damages paid to

owners of lands which have been taken by the State for street improvement?

Section 1 of the Act of 1870 prescribes that the Commission shall determine what estates are especially benefited by such road or highway, and the amount of especial benefit to each.

The appellants' lots are situated, Mr. Allen's on King street between Alakea and Richard; one lot of Mrs. Bishop's estate is on King street between Alakea and Fort, and the other on Queen street between Alakea and Richards, and Mrs. Snow's lot on Hotel street between Alakea and Richards.

No one of these lots is on Alakea street, which was widened, and no one has been made more convenient of access or benefited in any way that it is possible to discover. There is no evidence that the saleable value in the market or their value to rent has been especially appreciated by the widening of a street in the neighborhood. Any improvement in the town is doubtless a general advantage to all the property holders in the town. The introduction of water works, the better lighting of streets, facilities for transportation of freight and passengers, a good police service—everything of this character improves the value of real estate in a town.

But these are general advantages in which all parcels of real estate in the given town share in a greater or less degree. I cannot bring myself to the idea that a lot of land lying between Alakea and the next street parallel to it is any more benefited by the widening of Alakea than any other lot in this town, not on the street. Only especial benefits are to be assessed, not general benefits in which all property owners in the town, district or island participate.

The Legislature, in prescribing that the estates especially benefited by the improvement should be assessed for a portion of the cost of the improvement, certainly did not intend that the incidental advantages which might accrue to all the landed property in the district of Honolulu should contribute to the cost.

The statute of Massachusetts distinctly limits the assessment of betterments to such real estate, including that a part of which is taken therefor, which receives any benefit and advantage there-

from beyond the general advantages to all real estate in the city or town.  Mass. Statutes, 1832, p. 344.  I think our statute has the same meaning, and accordingly I find that part of the report or determination of the Commissioners which assesses benefits on the appellants' estate to be void.  The remaining objections to the report of the Commissioners it is not necessary to consider.