HENRY J. PERKINS COMPANY *vs.* CITY OF SPRINGFIELD.

Hampden.   March 4, 1924. — April 8, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Evidence,* Competency, Of damage from establishment of building line. *Damages,* To property taken or damaged under statutory authority.

At the trial of a petition for the assessment of damages resulting from the establishment of a building line of a city five feet back from the line of a certain street upon which the petitioner owned land, it was error to admit evidence tending to show that, on a street intersecting the street

upon which the building line was established, certain proprietors had set their buildings back from the street line from two to six or eight feet, where it does not appear that in so doing such proprietors acted voluntarily or that the two streets were so similar in character, use and other circumstances as to warrant an inference that what might be advantageous to proprietors on one street necessarily would be advantageous to proprietors on the other; and such error is prejudicial where the judge in the charge calls attention to the evidence as tending to show that other persons considered the required setting back of buildings, as required by the establishing of the building line, to be " best for the property."

At the trial of the petition above described, it was proper to exclude a question, asked in cross-examination of a real estate expert, called by the respondent, " Well, you know the city paid " a certain bank, which owned premises at the corner of the street upon which the line was established and an intersecting street, " for that five foot restriction? "

PETITION, filed in the Superior Court on March 11, 1919, for assessment by a jury of damages sustained by the petitioner by the establishment of a building line in Springfield running " parallel with, and five feet south of the southerly line of Lyman Street from Main Street to Chestnut Street, a distance of about thirteen hundred feet, and prevents the erection of permanent structures on the strip of land, five feet wide, lying between it and said street line," the petitioner owning land " known as Market Square, abutting on Dwight, Taylor and Lyman Streets, having a frontage on Dwight Street of two hundred forty and ninety-two one hundredths feet, on Taylor Street of two hundred thirty and six-tenths feet and on Lyman Street of one hundred eighty-three and forty-eight one hundredths feet."

In the Superior Court, the petition was tried before *King*, J.

It being in evidence that the Chapin National Bank building was at the southerly corner of Main and Lyman Streets, a real estate expert, called by the respondents, was asked on cross-examination, " Well, you know the city paid the Chapin National Bank for that five foot restriction? " On objection the witness was not required to answer the question.

Material evidence and portions of the charge to the jury are described in the opinion. There was a finding for the

petitioner in the sum of $1,200. The petitioner alleged exceptions.

The case was submitted on briefs.

*G. F. Leary & G. D. Cummings,* for the petitioner.

*J. Dearborn,* City Solicitor, & *A. C. Fairbanks,* Assistant City Solicitor, for the respondent.

DeCourcy, J.   The respondent city established a building line five feet south of the southerly line of Lyman Street. The petitioner, whose lot has a frontage of one hundred and eighty-three and forty-eight one hundredths feet on that street, brought this petition under St. 1917, c. 344, Part II, § 73, to recover the damages suffered thereby; but is dissatisfied with the amount of the verdict.

Subject to the petitioner's exceptions, the respondent was permitted to show that although no building line had been established on Main Street, certain specified bank and other business buildings, erected or reconstructed within the past fifteen years, had been set back from the street line distances varying from two to six or eight feet.   The apparent purpose of this testimony was to have the jury infer that, whatever damage the petitioner might suffer by being prevented from erecting structures on this five foot strip of its front land would be offset by the advantages thereby accruing to the lot; and in proof thereof that property owners on Main Street had voluntarily set back their buildings from the street line.   The judge's charge emphasized this purpose.   After referring to this testimony in detail, he said to the jury, among other things: " Why, the respondent says, it not only don't injure them, but it advantages them; it advantages the petitioner here to have a restriction by law; and they would use sound judgment — the respondent says, the petitioner used sound judgment that of their own accord they hadn't built up to the line, or didn't build up to the line.   See what [they] did on Main Street, the respondent says, as an exemplification by the owners themselves; don't you think that is of importance as an illustration of a failure to build up to the line on Main Street and to use that space for the benefit of the business that you carry on there, fronting Main Street?   Why, the respondent says, the

owners themselves you may assume did that; what they thought was best for the property to get the most out of it. That is what they do on Main Street, the respondent says. And the respondent says that is exactly what they ought to do on Lyman Street. . . ."

This evidence was inadmissible, and considered in the light of the charge was prejudicial. The record does not disclose that the owners of lots on Main Street set their buildings back voluntarily; they may have been compelled to do so by reason of restrictions in their deeds. Nor was it shown that the two streets were so similar in character, use and other circumstances as to warrant an inference that what was advantageous to one street (assuming that it was), would necessarily be advantageous to the other. *Campbell* v. *Russell*, 139 Mass. 278. *Biancucci* v. *Nigro*, 247 Mass. 40.

There was no error in excluding evidence of what the city paid an abutter at the corner of Main and Lyman streets. *Cobb* v. *Boston*, 112 Mass. 181. *Donovan* v. *Springfield*, 125 Mass. 371. We deem it unnecessary to determine whether the judge's comments on the testimony of the plaintiff's expert witnesses constituted error; as any prejudice created thereby was removed by the closing words of the charge.

*Exceptions sustained.*