# F. SCHNACK AND A. G. SCHNACK *v.* THE CITY AND COUNTY OF HONOLULU.

## NO. 3018.

ARGUED JUNE 28, 1955.          DECIDED OCTOBER 20, 1955.

STAINBACK AND RICE, JJ., AND CIRCUIT JUDGE CORBETT IN PLACE OF TOWSE, C. J., ABSENT.

OPINION OF THE COURT BY STAINBACK, J.

Plaintiffs, who are the owners of certain lands on Maunakea street, Honolulu, City and County of Honolulu, Territory of Hawaii, brought an action to quiet their title to such lands against an assessment and lien sought to be placed thereon by defendant under ordinance number 1301 of the City and County of Honolulu ·establishing public parking in the congested downtown district of Honolulu and providing for assessments upon the lands benefited.

Pursuant to a plan of the City and County for condemning certain lands and buildings thereon in .various sections of the downtown congested district of Honolulu for constructing and operating thereon public parking lots, the City and County, after due notice by advertising, had a public hearing on. February 28, 1950, in the matter of "Creating and Defining Improvement District Number

Eighty — Central Business Off-Street Parking — in the Congested Downtown Section of the City of Honolulu."

Thereafter, after public notice, a public hearing was held on April 22, 1952, regarding "Assessments — Improvement District Number Eighty — Central Business Off-Street Parking — in the Congested Downtown Section of the City of Honolulu."

The board of supervisors passed ordinance number 1301, entitled "An Ordinance Providing for the Cost of Improvements in Improvement District Number Eighty — Central Business Area Off-Street Parking, in the Congested Downtown Section of the City of Honolulu"; this ordinance was duly approved by the mayor on July 30, 1952, assessing certain land, including the plaintiffs', and imposing a lien thereon. This ordinance was passed pursuant to and in conformity with the statutes of Hawaii, namely, Act 225 of the Session Laws of Hawaii 1945, Act 153 of the Session Laws of Hawaii 1949, and Act 108 of the Session Laws of Hawaii 1951.

At the several hearings above described, plaintiffs filed written protests to the creation of the parking lots, the creation of the public improvement district and the assessment of their lands within such district, the grounds of the protests being: (1) "That it is unjust, unfair and inequitable to assess lands within the area [meaning, apparently, improvement district number 80] for the acquisition of parking lots when the city derives revenue therefrom for parking privileges and does not refund anything to those who pay for their acquisition"; (2) "That private enterprise can and should be permitted to solve the [parking] problem"; (3) "That parking lots now sought to be acquired are on the fringes [of the improvement district] and too remote to be of any benefit and they are of no benefit to the lands of these protestants"; (4) "That the assessment is unjust, unfair and inequitable in that no

special benefits therefrom result to the lands of these protestants"; (5) "That the lands of these protestants are already adequately served with parking facilities"; (6) "That transferring private parking lots to public ownership is not a proper governmental function"; (7) "That many of the lots sought to be acquired are now serving the public with parking facilities and no special benefit results to protestants from transferring them to government or city ownership, but so doing is a district detriment to these protestants in that they will be taxed both in general revenues and by special assessments without corresponding or any benefits."

Under the proposed ordinance an off-street parking plan was to be financed by revenue bonds for one half the cost and by assessing the remaining one half of the cost against the lands within the improvement district.

Trial was had jury waived and the court filed its decision on July 24, 1953, finding that plaintiffs' land was benefited over and above the amount of assessment and that there was no error in the proceeding.

Thereafter, plaintiffs filed a motion for a new trial and also motion for judgment on the special findings, both of which motions were denied. Exceptions thereto were duly filed and the specifications of error are set forth in the exceptions to the judgment, the denial of the motion for judgment and the denial of the motion for a new trial.

Plaintiffs' first contention is that the title to ordinance number 1301 is a violation of section 6513, Revised Laws of Hawaii 1945, which provides an ordinance shall embrace but one subject, which subject shall be expressed in its title. "If any such ordinance or resolution embrace any subject not expressed in its title, the same shall be void only as to so much thereof as is not expressed in its title." The contention of the plaintiffs is that the title is not broad enough to include notice of assessments against the

lands benefited; that its provision is vague "providing for the costs" as stated in the ordinance, and does not put an ordinary person on notice that a special tax or exaction is thereby imposed, there being no reference to such tax-assessment provisions; that the term "providing for the costs" would imply to the ordinary mind that funds are being made available from the general fund of the city or from some other funds and cannot imply the subject of assessment; that such costs might be provided for by revenue bonds, general obligation bonds, accepting dona-tions, transferring funds from other special funds, ear-marking certain revenues, and numerous other ways, none of which involves special taxation.

Our territorial supreme court has set down the following test as to the sufficiency of title of an ordinance as follows: "It may be stated as a general proposition that the expression of subject in the title of an ordinance is sufficient if it calls attention to the general subject of the legislation. It is not necessary that the title refer to details within the general subject, nor those which may be reason-ably considered as appropriately incident thereto, and the title is sufficient if it is germane to the one controlling subject of the ordinance. The crucial test of sufficiency of title is generally found in the answer to the question: Does the title tend to mislead or deceive the people or the municipal board as to the purpose or effect of the legis-lation, or to conceal or obscure the same? If it does, then the ordinance is void; if not, it is valid. 28 Cyc. 379, 380." (*Territory* v. *Dondero,* 21 Haw. 19, 25.)

The statement is made in *Territory* v. *Furubayashi,* 20 Haw. 559, 561: "It is well settled that it is sufficient if the title of a statute or an ordinance fairly indicates to the ordinary mind the general subject of the act, is comprehensive enough to reasonably cover all its provi-sions, and is not calculated to mislead. Cognate subjects

are not different subjects within the meaning of the rule, but an act which contains provisions neither expressed in or suggested by the title, nor germane or cognate to the subject expressed therein is, to that extent, vulnerable to objection. * * * The language of the title is to be given a liberal interpretation, and the largest scope accorded to the words employed that reason will permit in order to bring within the purview of the title all the provisions of the act."

Obviously, the title of the ordinance referred to is not the most appropriate but that is not essential if it indicates the scope and purpose of the ordinance. Neither is it necessary that the title inform the reader of the specific contents of the bill. If no portion of the bill is foreign to the subject of the legislation as indicated by the title, however general the latter may be, it is in harmony with the constitutional mandate. (*Nebraska Loan & Building Association* v. *Perkins,* 61 Neb. 254, 85 N. W. 67, 68.)

To nullify an ordinance on the ground that its subject or object is not expressed in its title, the violation should be plain, clear, manifest and unmistakable. (*Posados* v. *Warner, B & Co.,* 279 U. S. 340, 73 L. ed. 729; 50 Am. Jur., *Statutes,* § 170, pp. 149-152.)

In construing similar language the Nebraska court in the case of *Gembler* v. *City of Seward,* 136 Neb. 196, 285 N. W. 542, 544, said: " 'An abstract of the law is not required in the title;' nor need the title state the mode in which the subject is treated, nor the means by which the end sought by the enactment is to be reached." (Citing McQuillin, *Municipal Ordinances,* § 141.) The Nebraska court further stated: "Where the title indicates the subject of the proposed ordinance, the essential requirements of the statutory language have been met, even though more appropriate language might have been employed therein."

Does the title tend to mislead or deceive the people or

the municipal board as to the purpose or effect of the legislation or to conceal or obscure the same?

The plaintiffs claim that neither the imposition of the lien nor the assessments of the land is embraced in the title. While the ordinance is inartistically drawn, we believe giving a liberal construction the title of "An Ordinance Providing for the Cost of Improvements in Improvement District Number Eighty — Central Business Area Off-Street Parking, in the Congested Downtown Section of the City of Honolulu" indicates the scope and purpose of the ordinance and is not intended to mislead the purposes or effect of the ordinance.

The costs of improvements in an improvement district may be met in several ways; assessment according to benefits is one of the usual methods. The title need not spell out all details of meeting such costs. A special assessment is certainly one method commonly used for such purpose and a land owner interested in lands within the "Improvement District Number Eighty — Central Business Area Off-Street Parking, in the Congested Downtown Section of the City of Honolulu" where boundaries have been fixed after public hearing is not deceived by not spelling out the details in the title. The boundaries of the improvement district number eighty and the necessity therefor were determined after public hearings duly advertised.

Counsel for appellants raised a number of questions in their appeal which were not argued or discussed in the brief and we assume, therefore, are abandoned. The most important of these was that taking private lands to establish parking lots by public ownership is not a proper governmental function; that private enterprise can and should be permitted to solve the parking problem. While one might agree with the economic theory that private enterprise can and should be permitted to solve the parking

problem, this is a matter for legislative discretion and the authorities are well settled that where the statute allows, "the provision by a municipal corporation of off-street parking facilities for use by the general public is a public or municipal purpose as distinguished from a private one, at least where the primary object of the parking project is to alleviate traffic congestion and thereby promote the usability of the municipal streets for the movement of traffic." (8 A.L.R., 2d ed., 373, 376; see also 7 McQuillin, *Municipal Corporations*, § 24.647.)

Section 6701, Revised Laws of Hawaii 1945, as amended, limits the right of assessment to "the land specially benefited."

To justify the special assessment, special benefit must be a pecuniary benefit which increases the value of the land. (*Widening of Alakea Street*, 8 Haw. 122; *Illinois Central Railroad* v. *Decatur*, 147 U. S. 190, 37 L. ed. 132; *Wabash Ry. Co.* v. *City of St. Louis*, 64 F. [2d] 921; 48 Am. Jur., *Special or Local Assessments*, § 28; 63 C. J. S., *Municipal Corporations*, §§ 1371-1373; 14 McQuillin, *Municipal Corporations*, 3d ed., §§ 38.31 to 38.33.)

Special benefit must be actual and real and not speculative or unreasonably deferred into the future, but the present use of the land will not require exclusion of the land from the improvement district. If the land is specially benefited it should be included in the district regardless of its use. (*Wabash Ry. Co.* v. *City of St. Louis*, *supra;* 48 Am. Jur., *Special or Local Assessments*, § 28; *Gorab* v. *Wood-Ridge*, 133 N. J. L. 162, 43 A. [2d] 512; *Kansas City Ry.* v. *Road District*, 266 U. S. 379, 69 L. ed. 335.)

The Supreme Court of the United States, in commenting on special assessments in improvement districts, said: "By a long line of decisions in this Court it has been settled that, where the state constitution as construed by the

state court of last resort does not provide otherwise, the legislature of a state may require that the cost of a local public improvement, such as the construction or reconstruction of a public road, be distributed over the lands particularly benefited and charged against them according to their value, their area or the benefits which they will receive; may itself determine what lands will be benefited and in what proportions they will share in the benefits, and may avail itself, for the purposes of that determination, of any information which it deems appropriate and sufficient, including such as may be afforded by reports and estimates made in prior assessment proceedings having the same object. Only where the legislative determination is palpably arbitrary, and therefore a plain abuse of power, can it be said to offend the due process of law clause of the Fourteenth Amendment. [Citing United States Supreme Court opinions.] And only where there is manifest and unreasonable discrimination in fixing the benefits which the several parcels will receive can the legislative determination be said to contravene the equal protection clause of that Amendment. [Citing United States Supreme Court opinions.]" (*Kansas City Ry.* v. *Road District,* 266 U. S. 379, 386, 387.)

Appellants contend that the ordinance violates the constitutional guarantee against the taking of property without due process of law in that the boundaries of the improvement district were arbitrarily fixed by excluding certain areas that should be included therein and including certain areas which should not be therein.

The court in its decision did state that taking an arbitrary rule-of-thumb measurement as to the distance from a parking lot that would be beneficial to property, some land which was omitted from the improvement district should have been included and some land which

was included should have been omitted; counsel for appellants thereby argues that two wrongs cannot make a right, although the court specifically found "* * * (7) that the actual delineation of the boundary of the improvement district does not increase the special assessment òn Plaintiffs' land above the amount of special benefit to it because of any omission of benefited land from the improvement district, for the reason that any omission of benefited land * * * is balanced off by the inclusion in the district of the unbenefited privately owned land bounded by Richards * * * Streets;" and further "(8) that compared with the total area of the improvement district, the area of land which may have been improperly included in the district and the area of land which may have been improperly excluded [from] the district *are both extremely small;* (9) that Plaintiffs' land is and will be specially benefited by the off-street parking plan to the amount of and in proportion to the special assessment; (10) that the off-street parking plan will result in special benefits to the land in the improvement district * * * of more than 43¢ per square foot; * * *." (Emphasis added.)

The argument of plaintiffs that "two wrongs cannot make a right" is in truth a contention that two wrongs to two other people which in no way affect plaintiffs can give plaintiffs a cause of action or confer rights upon them. Obviously, such is not the result.

If the court is correct in holding that some of the lands included were farther from the parking lot than some not included, a correction of both would leave plaintiffs in the position they now are with the same amount of assessment. Further, the court said that if the lands benefited were within an arbitrary distance from a parking lot — say within 500 feet — some of the lands which were included within the assessment district which were more than this arbitrary distance from the parking

lot were within greater distance from *two* parking lots and might be as much benefited if it were within a lesser distance from one parking lot.

In passing on the validity of special assessments, where special benefits accrue, the court is not bound by "a system of delusive exactness" as stated by Justice Holmes in *L. & N. R. R. Co.* v. *Barber Asphalt Co.,* 197 U. S. 430; the State or legislative district has a wide discretion where local improvements may be deemed to result in special benefits. " 'The State in its discretion may lay such assessments in proportion to position, frontage, area, market value, or to benefits estimated by commissioners.' " (*Valley Farms Co.* v. *Westchester,* 261 U. S. 155, quoting with approval Mr. Justice Hughes in *Houck* v. *Little River Drainage District,* 239 U. S. 254.)

The establishment of an improvement district is a legislative function which is not reviewable by the courts unless fraud, illegality, abuse of discretion or mistake is alleged and shown. (*De Mello* v. *City and County of Honolulu,* 28 Haw. 298, 304.)

Further, the determination of the existence of special benefits is a question of fact for legislative or administrative decision. The legislative determination is conclusive upon the property owners and the courts will disturb such only where the determination is palpably arbitrary, grossly unjust and confiscatory. (14 McQuillin, *Municipal Corporations,* 3d ed., § 38.02.)

"The question of special benefit of assessment work and property to which it extends is one of fact." (*English* v. *Arizona,* 214 U. S. 359.)

"Whether a special assessment for benefits of a street opening is excessive is a question of fact." (*Briscoe* v. *District of Columbia,* 221 U. S. 547.)

"The question of the existence and extent of special benefit resulting from a public improvement for which a

special assessment is made is one of fact \* \* \* [Citing authorities]." (48 Am. Jur., *Special or Local Assessments*, § 29, p. 588.)

This court has reiterated time and again that the findings of a jury or a trial judge will not be disturbed on appeal where there is more than a scintilla of evidence to sustain them.

The transcript of testimony has not been made part of the record and is not before us and, further, "The findings of a trial judge \* \* \* will not be disturbed on appeal when the evidence upon which the court based its findings is not before this court." (*Schnack* v. *City & County, et als.,* 39 Haw. 427.) (See also *Estate of Lee Chuck,* 33 Haw. 445, and *Estate of Holt,* 24 Haw. 663.)

Judgment sustained.

*H. C. Schnack* (*F. Schnack* with him on the briefs) for appellants.

*S. I. Hashimoto,* Deputy City & County Attorney and *N. K. Chung,* City & County Attorney (*J. A. Matthewmen,* Special City & County Attorney, on answering brief; *N. K. Chung,* City & County Attorney, and *S. I. Hashimoto,* Deputy City & County Attorney, on supplemental answering brief), for appellee.