JORDAN MARSH COMPANY *vs.* BOARD OF ASSESSORS
OF QUINCY.

Suffolk.   May 10, 1974. — July 9, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Taxation,* Real estate tax: assessment, abatement. *Value.*

This court affirmed a decision by the Appellate Tax Board as to the fair cash value of a large regional distribution center recently constructed in a city based on original construction cost and on testimony by the assessors' qualified expert which included the value of the land; the board properly discounted testimony by the taxpayer's expert based on capitalization of income which led to a valuation less than one-half that reached by the board.   [322-324]

APPEAL from a decision of the Appellate Tax Board.

*David J. Saliba* for Jordan Marsh Company.

BRAUCHER, J.   The taxpayer appeals from the decision of the Appellate Tax Board (board) granting abatements of taxes on commercial real estate for 1971 and 1972. Two issues were raised: overvaluation and disproportion-

ate assessment. The latter was disposed of by a stipula-
tion that property in Quincy was assessed at forty per
cent of fair cash value. Cf. *Assessors of Lynn* v. *Shop-Lease Co. Inc.* 364 Mass. 569, 572 (1974).[1] As to over-
valuation, the board reduced the assessed value for both
years from a figure in excess of $8,000,000 to a figure of
$7,000,000, based on fair cash value of $17,500,000. We
affirm.

The case was argued by the taxpayer in May, 1974,
but there was no brief or argument by the assessors. The
findings of the board included a detailed description of
the premises and a recitation of the testimony of three
witnesses, and concluded with a statement that the board
had considered all the evidence. The taxpayer argued
that the board had erred in not making subsidiary
findings sufficient to support its conclusion, and we
remanded the case for an appropriate statement of
reasons and subsidiary findings taking such cognizance of
matters set forth in the taxpayer's claim of appeal as the
board might think warranted. The board filed such a
statement on May 14, 1975, and we give a brief partial
summary.

The premises are used as a regional distribution center,
probably the largest facility of its kind in New England.
The taxpayer is the lessee under a lease from an affiliated
corporation, and the board gave the lease terms little
weight. The board gave great weight to the testimony of
an officer of the taxpayer's parent corporation that the
facility was constructed in 1969-1970 and that its original
cost was nearly $16,500,000. For sufficient reasons, the
board discounted the testimony of the taxpayer's expert,
based on capitalization of income, that the fair cash
value was $6,700,000. The board also relied on
testimony of the assessors' expert that the value was
$18,662,000, although his estimate of construction costs

---

[1] Nothing we say here is intended to weaken what we said in
*Sudbury* v. *Commissioner of Corps. & Taxn.* 366 Mass. 558 (1974).

was unreliable. There was no evidence of the sale price or assessed value of comparable property, and no credible evidence of inflation of construction costs by inclusion of costs normally borne by a lessee. Since the facility was new, depreciation was not a significant factor.

Original cost, recently incurred, was a legitimate factor to be considered in determining fair cash value. *Essex Co.* v. *Lawrence,* 214 Mass. 79, 89 (1913). *Assessors of Quincy* v. *Boston Consol. Gas Co.* 309 Mass. 60, 66-67 (1941). *Boston Gas Co.* v. *Assessors of Boston,* 334 Mass. 549, 566-567 (1956). Cf. *Assessors of Lynnfield* v. *New England Oyster House, Inc.* 362 Mass. 696, 701-702 (1972). Other factors were properly discounted because of the size and unique nature of the facility and the weakness in the testimony offered. Valuation more than $1,000,000 above cost is adequately explained by the report of the assessors' qualified expert. He valued the land, acquired for $547,000 and improved by $2,000,000 or $3,000,000 of site preparation and access road cost, at more than $5,600,000.

*Decision of the Appellate*
*Tax Board affirmed.*