BOARD OF ASSESSORS OF WOBURN *vs.* RAMADA INNS, INC. December 7,
1976. The assessors appeal from the determination by the Appellate
Tax Board (board) of the fair cash value on January 1, 1974, of a par-
tially completed motel owned by Ramada Inns, Inc. (Ramada). The
assessors (a) challenge the use by Ramada's expert of the cost of con-

struction of the motel as a basis for his opinion of the motel's fair cash value, arguing that his testimony should have been struck on their motion; (b) challenge the board's determination that the motel was seventy-five per cent completed on January 1, 1974; and (c) argue that there was no evidence to support the board's finding of fair cash value. (a) The admissibility of the opinion of Ramada's expert is contested on the ground that the cost of construction was not a proper method of valuing the premises using the "reproduction cost less depreciation" method of valuation and on the ground that the expert relied on hearsay evidence of construction costs. Although Ramada contracted with a subsidiary to construct the motel, almost ninety per cent of its cost was established by subcontractors' bids. In determining the fair cash value of an unfinished building, it was within the discretion of the board to rely on the cost of construction. See *Jordan Marsh Co.* v. *Assessors of Quincy,* 368 Mass. 322, 324 (1975), and cases cited. An appraisal by Ramada's expert, showing the cost of construction of the motel, was admitted in evidence without objection. A motion to strike his testimony, which also presented the cost of construction of the motel, was based on "lack of foundation and lack of proper method." These general grounds did not fairly raise the hearsay objection, concerning the admission of construction costs, which is now asserted. This is not a case where a real estate expert testified concerning reproduction costs, a subject beyond his area of qualification. See *Tigar* v. *Mystic River Bridge Authority,* 329 Mass. 514, 519-520 (1952). In any event, if the assessors wished to challenge the expert's presentation of the cost of construction, they should have made a timely objection, rather than a motion to strike. *Commonwealth* v. *Theberge,* 330 Mass. 520, 527 (1953). There was no abuse of discretion in denying the motion to strike. (b) There was ample evidence warranting the board's finding that the motel was seventy-five per cent completed on January 1, 1974. (c) There also was substantial evidence to support the board's finding of the fair cash value of the motel on January 1, 1974. The decision of the Appellate Tax Board is affirmed. Ramada is to have costs of appeal.

*So ordered.*

The case was submitted on briefs.

*Daniel P. Kiley, Jr., & Charlotte Anne Perretta* for the Board of Assessors of Woburn.

*Edward I. Masterman, Andrew C. Culbert, & Neal C. Tully* for Ramada Inns, Inc.