HERO INTERNATIONAL CORPORATION *vs.* COMMONWEALTH. No. 92-P-630. September 9, 1993. *Evidence*, Value. *Value. Eminent Domain*, Damages.

This action stems from a taking by the Commonwealth of property belonging to the plaintiff located in Pittsfield. After a trial in the Superior Court to assess damages pursuant to G. L. c. 79, § 12, a jury returned a verdict for the plaintiff in the amount of $180,710. The issues on appeal relate to the portion of the plaintiff's property which is industrially zoned.

The plaintiff claims that the trial judge erred in not striking evidence, proffered by the Commonwealth's expert, that the value of the plaintiff's remaining industrial land was enhanced by the taking, and in refusing to instruct the jury on "general" and "specific" benefits. See *Hilbourne* v. *Suffolk*, 120 Mass. 393, 394 (1876); *Amory* v. *Commonwealth*, 321 Mass. 240, 244 (1947). Because of these alleged errors, the plaintiff argues, the judge should have allowed its motion for an additur or for a new trial. We affirm.

The following facts appear to be undisputed. On June 12, 1986, the Commonwealth took 11.08 acres from the plaintiff's 112.95 acre lot, to widen Routes 7 and 20 and to construct a limited access highway leading to the Pittsfield municipal airport. The taking included three small parcels along the Routes 7 and 20, and a 10.18 acre swath running through the 98.70 acres of industrial land.

The Commonwealth introduced evidence that the total value of the plaintiff's property prior to the taking was $890,000, and that after the taking the property was worth $775,000. The Commonwealth's expert testified that, while a portion of the remaining industrial land had become landlocked and thus, less valuable, the remaining industrial land had benefited as a result of the construction of the highway.

1. The main thrust of the plaintiff's appeal is that the judge erred in denying its motion to strike the testimony offered by the Commonwealth's expert both because the testimony lacked a factual foundation and because the expert failed to place a specific dollar value on the benefit to the land. Since the plaintiff did not object at the time the testimony was adduced, at the time of cross-examination concerning this point, or even at the close of the expert's testimony, but only moved to strike on the day after the testimony was completed, the judge did not err in denying the motion. See *Assessors of Woburn* v. *Ramada Inns, Inc.*, 371 Mass. 894, 895 (1976); *Commonwealth* v. *Theberge*, 330 Mass. 520, 527 (1953).

In any event, the plaintiff's arguments are without merit. The appraiser's testimony that the taking had specially benefited the remaining industrial land had a factual foundation. He testified that the taking had increased the frontage of the remaining industrial land, thus providing greater access, and had also caused the remainder to become a "corner location." Such a location has greater utility, since it can be developed either from the "front or back." Moreover, location of a parcel on, or with access to, a limited access highway strongly suggests special benefit or enhancement even without supporting testimony. *Alden* v. *Commonwealth*,

351 Mass. 83, 86 (1966). See 3 Nichols, Eminent Domain, § 8A.04(2)(b) (3d ed. 1993).

The expert's evidence of the value of the land before and after the tak- · ing is an accepted method of showing enhancement. *Alden v. Commonwealth*, 351 Mass. at 85. The value of the benefit was easily calculable from the expert's opinion of values before and after the taking.[1]

2. The plaintiff's remaining claims are also without merit. There was no error in permitting the Commonwealth to refer to special benefits in its closing argument, as the Commonwealth had introduced evidence of benefits peculiar to the parcel. Although the trial judge did not instruct the jury regarding the legal definitions of special and general benefits, as requested by the plaintiff, it can not raise that issue here as it failed to object to the denial of its requested instruction and, indeed, approved of the charge as given except for an item not here relevant. Mass.R.Civ.P. 51(b), 365 Mass. 816 (1974). Since we find no error, the plaintiff's additional argument that the judge abused his discretion in denying the plaintiff's motion for an additur or a new trial is of no avail.

> *Judgment affirmed.*
> *Order denying motion for an*
> *additur or a new trial*
> *affirmed.*

*John S. Leonard* (*Fredric D. Rutberg* with him) for the plaintiff.
*Stephen Dick*, Assistant Attorney General, for the Commonwealth.

---

[1]The expert had estimated the value of the 98.70 acres of industrial parcel prior to the taking at $5,000 per acre. Ten and eighteen hundredths (10.18) of an acre were taken, and fifteen acres became landlocked (with a reduced total value of $3,750 by reason of the taking), leaving 73.52 acres of industrial land originally valued at $5,000 per acre. (98.70 acres of industrial land, less 10.18 [taking], less fifteen acres [having diminished value] equals 73.52 acres). Multiplying the remaining acreage (73.52) by $5,000 results in a value of $367,600. To this figure should be added $3,750, the value of the fifteen landlocked acres, resulting in a figure of $371,350 for the value of the remaining industrial land had there been no enhancement. The expert's chart (Exhibit 42) indicated that the value of the remaining industrial land after the taking "including special benefit" was $440,000. The difference between these two figures (440,000 - 371,350), i.e., $68,650, is the dollar value he attributed to enhancement.